**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**UHLIG LLC,**

**Plaintiff/Counter Defendant,**

**v.** **Case No. 21-2543-DDC-GEB**

**CORELOGIC, INC.,**

**Defendant/Counter Claimant.**

---

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Uhlig, LLC, d/b/a Condocerts and d/b/a Welcomelink's Motion for the Entry of a Protective Order Precluding Certain Antitrust Discovery, ("Motion for Protective Order.") **(ECF No. 51.)** This dispute arises based upon Uhlig's contention that numerous Requests for Production and one Interrogatory served on it by CoreLogic relate solely to CoreLogic's antitrust claims. The Court has considered the parties' respective positions set forth in Plaintiff's Motion for Protective Order, Defendant's timely response **(ECF No. 56,)** and Plaintiff's Reply, **(ECF No. 59**.) The Court is now prepared to rule. For reasons set forth below, the Court **GRANTS** Plaintiff's Motion for Protective Order.

## I. Background[1]

---

[1] Unless otherwise indicated, the information recited in this section is taken from the Complaint and Answer. This background information should not be construed as judicial findings or factual determinations.

The Plaintiff Uhlig, LLC ("Uhlig") is a "national provider . . . of resale and lender processing information for common interest communities, including but not limited to homeowner associations, condominiums, co-ops, and similar communities, wherein the deed to property is encumbered by certain obligations to the common community." Uhlig provides "timely, authoritative Community Information to registered end users who require such information for legitimate purposes such as the purchase, sale, financing, refinancing and transfer of residential real estate located in Common Interest Communities." Further, Uhlig states, "…its products and services are governed by Plaintiff's Customer Agreements and are not offered outside those terms." Uhlig "does business under the brands CondoCerts™ and WelcomeLink®[.]"

Defendant CoreLogic Solutions, LLC ("CoreLogic") "…is a global property information, analytics and data-enabled services provider. One of CoreLogic's products is CondoSafe. CondoSafe is a national service for lenders that provides condominium-project data and analytics." "CoreLogic launched CondoSafe as a product in about 2016. CondoSafe helps lenders determine whether individual condominium units meet underwriting guidelines." In the past, CoreLogic has purchased data regarding condominium units from Uhlig.

In November 2021, Uhlig terminated CoreLogic's access to its services, barred CoreLogic from accessing its websites, and filed this lawsuit against CoreLogic. Uhlig alleges (1) violations under the Lanham Act, 47 U.S.C. § 1125(a)(1) for CoreLogic's unauthorized use of Uhlig's trademarks, (2) breach of contract for CoreLogic's violation of Uhlig's Terms of Use agreement, (3) breach of contract for CoreLogic's violation of

Uhlig's Account Registration agreement, (4) breach of contract for CoreLogic's violation of Uhlig's Information Upload Agreement, (5) breach of contract for CoreLogic's violation of Uhlig's Order Submission Agreement, (6) fraud, (7) tortious interference with business expectancy, and (8) violation of the Delaware Deceptive Trade Practices Act, 6 Del. C § 2531–2536.

CoreLogic responded to Uhlig's lawsuit by filing an Answer and Counterclaim[2]. The first Counterclaim asserts breach of contract, breach of the covenant of good faith and fair dealing, tortious interference with contractual relations, and estoppel claims against Uhlig. It also filed a Motion for Temporary Restraining Order and Preliminary Injunction.[3] The District Court conducted a hearing on CoreLogic's motion on December 2, 2021 and denied CoreLogic's request for a temporary restraining order.[4] Then, CoreLogic filed a second Answer and Amended Counterclaims.[5] The Amended Counterclaims added allegations that Uhlig violated anti-trust law through its various business activities.

Uhlig filed a Motion to Dismiss [the antitrust claims for Failure to State a Claim] on January 31, 2022.[6] The Motion to Dismiss is pending.

On February 9, 2022, the Court held a scheduling conference pursuant to Fed.R.Civ. P. 16.[7] At that time, Uhlig requested any antitrust discovery be stayed pending the Motion to Dismiss. The Court denied the request, recognizing that discovery related to the antitrust

---

[2] ECF No. 8.
[3] ECF No. 5.
[4] ECF No. 22.
[5] ECF No. 29.
[6] ECF No. 35.
[7] ECF No. 39.

claims would likely overlap other defenses and counterclaims raised by CoreLogic.[8] However, the Court clearly instructed CoreLogic to avoid discovery that was specific to its antitrust claims until the District Judge ruled on Uhlig's Motion to Dismiss.

## II. Protective Order Dispute

On February 28, 2022, CoreLogic served 112 Requests for Production as well as Interrogatories[9] on Uhlig. This dispute arises based upon Uhlig's contention that many of those Requests for Production and one of the Interrogatories relate solely to CoreLogic's antitrust claims.

### A. Parties Arguments

#### 1. Plaintiff's Position

Uhlig makes four arguments in support of its Motion for Protective Order:

a) Burdensome and invasive antitrust discovery should be limited while a motion to dismiss is pending;

b) CoreLogic's sell side antitrust discovery seeks burdensome, confidential and trade secret information;

c) CoreLogic's buy side antitrust discovery seeks burdensome, confidential and trade secret information; and

d) Cases that partially stay discovery pending a motion to dismiss are distinguishable from those seeking a complete stay.

[8] ECF No. 39.
[9] ECF No. 46 and ECF No. 52, Exhs. 2 and 3.

2. **Defendant's Position**

CoreLogic's argues several points in opposition to Uhlig:

a) Uhlig's Motion for a Protective Order should be considered a Motion to Reconsider and deemed untimely by the Court;

b) Uhlig is required to show a compelling reason to stay the antitrust discovery; and

c) The discovery propounded by CoreLogic is relevant for antitrust purposes.

**B. Compliance with D. Kan. Rule 37.2**

Pursuant to D. Kan. Rule 37.2, this Court "will not entertain any motion to resolve a discovery dispute…or a motion to quash or modify a subpoena" unless counsel have "conferred or has made reasonable effort to confer with opposing counsel" before filing a motion. Based upon the Court's review of their efforts as set forth in Uhlig's Motion for Protective Order, the Court finds the parties have complied with D. Kan. Rule 37.2 to the best of their abilities.

**C. Discussion**

As the parties are aware, Fed. R. Civ. P Rule 26(c) "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required."[10] In this instance, the Court in its discretion adopts the reasoning of the Plaintiff.

---

[10] *Hilton v. Sedgwick County, Kan.*, No. 15-2021-JAR, 2015 WL 3904362, at *1 (D. Kan. June 25, 2015) (internal quotations and citations omitted).

The Supreme Court has recognized that antitrust discovery is "a sprawling, costly, and hugely time-consuming undertaking."[11] This observation is clearly demonstrated by CoreLogic's service of 112 requests for production to Uhlig. At the February 9, 2022, Scheduling Conference, this Court clearly discouraged counsel for CoreLogic from submitting discovery requests intended to produce information relevant to its antitrust claims until the District Judge ruled on Uhlig's Motion to Dismiss. CoreLogic ignored the Court's instruction and propounded discovery requests in direct disregard of that guidance.

Courts in this circuit have entered stays of discovery while a motion to dismiss antitrust litigation is pending.[12] This Court has considered the factors set forth in *Mitchell International, Inc.* and has determined a limited protective order will not cause any prejudice to CoreLogic. There is considerable burden to Uhlig in responding to the discovery at issue,[13] and the burden on Uhlig to produce the vast number of documents outweighs any perceived delay in litigation or prejudice to CoreLogic. Granting of the protective order is also in the interest of judicial economy. The scope of the discovery at issue will likely give rise to additional disputes which would require judicial resources. A protective order in this instance will have no impact on the interests of nonparties or the public.

---

[11] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 560 n.6, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).
[12] *Mitchell Int'l, Inc. v. HealthLift Pharmacy Services, LLC*, No. 2:19-CV-000637, 2022 WL 111126, at *2 (D. Utah Jan. 12, 2022).
[13] ECF No. 52, Exhs. 1 and 2.

CoreLogic argues, even if Uhlig's motion to dismiss is granted, it will not "finally conclude" this case, and discovery will have to proceed regardless of the dismissal.[14] However, Uhlig is not asking for a complete stay of discovery, it requests a protective order as to those specific discovery requests that relate to CoreLogic's antitrust claims.[15] This Court recognizes if the Motion to Dismiss is granted, it will "finally conclude," for purposes of this litigation, the antitrust claims, making discovery relating to those claims unnecessary. Discovery relating to claims and defenses outside the antitrust claims remain unaffected by any protective order and would proceed as set forth in the Court's Scheduling Order.[16]

Further, Judge Crabtree, in his Memorandum and Order Denying Defendant's Motion for Temporary Restraining Order,[17] found that CoreLogic did not show a substantial likelihood that it will prevail on the merits of its case.[18]

The Court finds CoreLogic's argument that Uhlig's Motion for a Protective Order was untimely as without merit. Uhlig filed its motion prior to the deadline for responding to discovery.[19] Also, Uhlig had no reason to anticipate CoreLogic would disregard the Court's instruction that it refrain from discovery as to its antitrust claims. The Court does not deem its Motion for Protective Order as a motion to reconsider.

---

[14] ECF No. 56.
[15] ECF No. 52.
[16] ECF No. 39.
[17] ECF No. 22.
[18] ECF No. 22, p. 7.
[19] ECF Nos. 46 and 49.

In consideration of CoreLogic's argument that Uhlig must show a compelling reason for a stay of the antitrust discovery, the cases relied on by CoreLogic can be distinguished.[20] First, the cases cited by CoreLogic do not involve antitrust litigation. Second, Uhlig has neither requested a complete stay of the proceedings nor a complete stay of discovery. Uhlig has requested a protective order for only 28 of the 112 requests for production and for one interrogatory. And, antitrust discovery is "a sprawling, costly, and hugely time-consuming undertaking,"[21] which sets it apart from discovery in other types of cases.

## III. Pillars of Professionalism

In reviewing the discovery propounded by CoreLogic, and going forward, the Court directs counsel to review the *Pillars of Professionalism*, which serve to guide lawyers in their professional interactions. The Scheduling Order issued in this case, as with most scheduling orders issued in this District,[22] includes the following directive:

> This court, like the Kansas Supreme Court, has formally adopted the Kansas Bar Association's *Pillars of Professionalism* (2012) as aspirational goals to guide lawyers in their pursuit of civility, professionalism, and service to the public. Counsel are expected to familiarize themselves with the *Pillars of Professionalism* and conduct themselves accordingly when litigating cases in this court.[23]

---

[20] *Commodity Futures Trading Com. v. Chilcott Portfolio Mgt., Inc.,* 713 F.2d 1477 (10th Cir. 1983)(requesting a complete stay of all other related cases against the defendant;) *McCoy v. U.S.,* 2007 WL 2071770 (D. Kan. July 16, 2007)(requesting a complete stay of discovery in a non-antitrust case;) *Cargill Meat Solutions Corp. v. Premium Beef Feeders, LLC, No. 13-CV-1168,* 2015 WL 3937395 (D. Kan. June 26, 2015)(Requesting a stay on a motion to compel pending decision on a motion for partial summary judgment regarding risk management claims.)

[21] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 560 n.6, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

[22] ECF No. 39.

[23] *See Rowan v. Sunflower Elec. Power Corp.*, No. 15-9227-JWL, 2017 WL 680070, at *3 (D. Kan. Feb. 21, 2017).

Formally adopted in 2012,[24] the *Pillars of Professionalism* outline counsel's obligations to other lawyers, the Court, the public and the legal process. The Court directs counsel to the *Pillars* regarding obligations to the legal process:

> Frame discovery requests carefully to elicit only the information pertinent to the issues, and frame discovery responses carefully to provide that which is properly requested.
>
> Work with your client, opposing counsel, nonparties, and the court to determine whether the need for requested information is proportional to the cost and difficulty of providing it.

Although the *Pillars* are not law, the Court expects counsel to reflect these tenets in all aspects of litigation. The Court is disappointed that such experienced counsel propounded 112 requests for production, with many of them specific to CoreLogic's antitrust claims after the court was clear regarding the focus of discovery at this stage.

**C. Conclusion**

The cases cited by Uhlig are persuasive, and CoreLogic has failed to show any restraint regarding the breadth of discovery on its antitrust clams. Further, the Court does not find the Plaintiff's Motion for the Entry of a Protective Order Precluding Certain Antitrust Discovery untimely. For these reasons, the Court, in its discretion, **GRANTS** Plaintiff's motion.

**IT IS THEREFORE ORDERED** Plaintiff's Motion for the Entry of a Protective Order Precluding Certain Antitrust Discovery **(ECF No. 51)** is **GRANTED**. Uhlig shall

---

[24] *See* Memorandum and Order, adopting the *Pillars of Professionalism* (Oct. 19, 2012) (available at http://www.ksd.uscourts.gov/pillars-of-professionalism-joint-order); *see also United States v. Shelton*, No. 14-10198-EFM, 2015 WL 7078931, at *3 n. 16 (D. Kan. Nov. 13, 2015) (adopting the *Pillars* previously embraced by the members of the Kansas Bar).

not be required to respond to Requests for Production Nos. 5, 6, 54–63, 69, 70, 83, 84, 86, 93–96, and 102–108 or Interrogatory No. 5 until further order of the Court.

**IT IS SO ORDERED.**

Dated May 13, 2022, at Wichita, Kansas.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge