UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UHLIG, LLC d/b/a CONDOCERTS™ AND d/b/a WELCOMELINK®,<br><br>　　　　Plaintiff-Counterclaim Defendant,<br><br>　vs.<br><br>CORELOGIC, INC. and CORELOGIC SOLUTIONS, LLC<br><br>　　　　Defendants-Counterclaim Plaintiffs. | CASE NO. 2:21-cv-02543-DDC-GEB |

**CORELOGIC'S UNOPPOSED MOTION FOR LEAVE TO FILE UNDER SEAL EXHIBITS TO CORELOGIC'S MOTION FOR SUMMARY JUDGMENT AND UHLIG'S MOTION FOR SUMMARY JUDGMENT**

　　Defendants and counterclaim plaintiffs, CoreLogic, Inc. and CoreLogic Solutions, LLC (together "CoreLogic") by and through their attorneys, respectfully submit this motion and memorandum of law in support of its motion, in accordance with D. Kan. Rule 5.4.6, for entry of an order allowing CoreLogic to file under seal Exs. 31 (ECF # 291-1), 61 (ECF # 292-1), 64 (ECF # 292-4)[1], 65 (ECF # 292-5), and 106 (ECF # 293-16) filed in support of CoreLogic's Motion for Summary Judgment, and Exhibit 48 (ECF # 286-7) filed in Support of Uhlig's Motion for Summary Judgment.  Plaintiff, Uhlig, LLC ("Uhlig") does not oppose CoreLogic's sealing request.

---

[1] On November 30, 2023 CoreLogic filed its Motion for Leave to file Conventionally six of CoreLogic's MSJ Exhibits, including Exhibits 61, 64, and 65 that are the subject of this Motion to Seal, to file those documents as native Excel spreadsheets due to the impracticality of producing spreadsheets with complex tables and thousands of rows as PDFs.  ECF 294.  Exhibits 61 and 64 are the same document, Bates numbered CL-UHLIG742158.

1

## LEGAL STANDARD

While the public has a "general right to inspect and copy public records and documents, including judicial records and documents," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978), a party seeking to have a record or document remain confidential may rebut the presumption of access by showing that "countervailing interests heavily outweigh the public interests in access." *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007) (quoting *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1993)).

A court applying this standard must "assess competing interests, weighing those interests that favor the general right of public access and those that genuinely deserve some protection." *Hodgson Law Firm, LLC v. Kingston*, No. 17-2730-DDC-JPO, 2018 WL 3127163, at *1 (D. Kan. Mar. 14, 2018). In so doing, a Court may properly seal records that are "sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598. Sources that qualify for sealed treatment may include, for example, "confidential business information, including information about pricing, sales, marketing, and contract negotiations." *In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Pracs. & Antitrust Litig.*, No. 17-MD-2785-DDC-TJJ, 2020 WL 7396915, at *4 (D. Kan. Dec. 17, 2020); *Melnick v. Tamko Bldg. Prod. LLC*, No. 19-CV-2630-JAR-BGS, 2023 WL 5574188, at *2 (D. Kan. Aug. 29, 2023); *No Spill, LLC v. Scepter Canada, Inc.*, No. 2:18-CV-2681-HLT-KGG, 2021 WL 5177392, at *2 (D. Kan. Nov. 8, 2021) ("The District of Kansas has recognized confidential pricing information, confidential personnel and business information, and sensitive financial details as legitimate countervailing interests.")

## PROPOSED INFORMATION TO BE SEALED OR REDACTED

On November 30, 2023, CoreLogic filed its Motion for Summary Judgment which included Exs. 31, 61, 64, 65, and 106 in support. ECF # 291-1, # 292-1, 4, & 5, and # 293-16. On the same date, Uhlig filed its Motion for Summary Judgment which includes Ex. 48 in

support.  ECF #286-7.  Pursuant to L.R. 5.4.2, CoreLogic submits that these exhibits should be sealed or redacted for the reasons described below.

A.     **Exhibit 31 to CoreLogic's Motion for Summary Judgment**

Exhibit 31 to CoreLogic's Motion reflects email correspondence between former CoreLogic employee Jacqueline Doty and representatives for Freddie Mac regarding Freddie Mac and Fannie Mae's lending guidelines.  ECF # 291-1.  As noted at page 4 of the email correspondence, CoreLogic contemporaneously requested that the communications be treated as "confidential and proprietary."  Additionally, CoreLogic produced this document subject to the Attorneys' Eyes Only designation in the Stipulated Protective Order, which is limited to  "trade secrets or other highly sensitive competitive or confidential information" which "would result in demonstrable harm to the disclosing party" if disclosed to another party.  ECF #47 at p. 3.  CoreLogic requests permission to file a redacted version of this document which excludes confidential and proprietary internal CoreLogic correspondence (p. 5) as well as confidential correspondence with Freddie Mac (p. 2-4).

CoreLogic has a protectable interest in its confidential business information which helps it compete in the market.  CoreLogic's business depends on its relationships with significant mortgage lending underwriters and participants like Freddie Mac.  Disclosure of the confidential communications between CoreLogic and Freddie Mac would be harmful to CoreLogic's interests because CoreLogic contemporaneously communicated that such communications would be treated as confidential.  Were the aforesaid communications to become public, CoreLogic's relationship of trust and confidentiality with Freddie Mac with regard to information provided by Freddie Mac, which helps CoreLogic compete in the market would be damaged, and CoreLogic would be less likely to receive such information in the future.  Because the proprietary information discussed in the email correspondence is only useful in connection with evaluating eligibility for real property mortgage lending, and is of limited relevance to an outsider understanding the substantive issues in this case, CoreLogic's interest in protecting its

confidential internal processes outweighs the public interest in disclosure. *E.g.*, *Melnick v. Tamko Bldg. Prod. LLC*, 2023 WL 5574188 at *2 ("Because there could be harm to its competitive standing or access to Defendant's internal processes, this document should remain sealed.")

By proposing that this document be filed with redactions limited to non-public information rather than under seal, CoreLogic is proposing the least restrictive method possible to prevent the protected material from being disclosed to the public.

**B.      Exhibit 61 and 64 to CoreLogic's Motion for Summary Judgment**

Exhibits 61 and 64 to CoreLogic's Motion are spreadsheets reflecting transaction information for CoreLogic's orders with Uhlig; the two exhibits are identical and are Bates numbered CL-UHLIG742158. ECF # 292-1, ECF # 292-4. These spreadsheets contain approximately 12,000 rows and 47 columns relating to CondoSafe transactions with Uhlig; CoreLogic has moved to file these documents (and a few other Excel files) conventionally with the Court in native format. ECF 294. Exhibits 61 and 64 were produced by CoreLogic with the Attorneys' Eye's Only Designation and contain numerous columns describing information which is highly confidential or proprietary, including: the amounts CoreLogic charged specific customers; information on CoreLogic's costs and expenses over time; the full name and address for CoreLogic's lender customers for each order, and, where applicable, the individual borrower's home address (cols. AK through AO) and in many cases the borrower's name (col. AQ).

CoreLogic's customer information as well as its costs, expenses, and profits for each order are highly confidential business information which help CoreLogic to compete in the market. Although CoreLogic no longer operates the CondoSafe business, this information could be used to systematically pursue CoreLogic's customers, including former CondoSafe customers with whom CoreLogic has ongoing business relationships. *Melnick v. Tamko Bldg. Prod. LLC*, 2023 WL 5574188 at *3 ("[A]lthough these documents contain historical information, this

information may still provide valuable information about its current and ongoing efforts to improve on its products.")  Moreover, the privacy interests of CoreLogic's lender customers and of individual borrowers in their full names and addresses also weigh against public disclosure.

In any event, the information contained in this spreadsheet at the transactional level is not necessary for the public to understand the claims and defenses in this case, CoreLogic's Motion does not substantively depend on the particular lender and borrower information.  *No Spill, LLC v. Scepter Canada, Inc.*, 2021 WL 5177392, at *3 ("[T]he exact dollar amount or exact percentage is not crucial to understanding the claims in the case. The public will be able to understand the pertinent facts and the basis of those claims, especially when considered in the context of the entire answer.")  Therefore, CoreLogic's and its customers privacy interests outweigh the interest in public disclosure of these documents.  Due to the complexity of the documents and large amount of information contained therein, redaction of the protected information is impractical.[2]

C.   **Exhibit 65 to CoreLogic's Motion for Summary Judgment**

Exhibit 65 to CoreLogic's Motion is CoreLogic's 2015 subledger for its CondoSafe business. ECF # 292-5.  This document has approximately 29,000 rows and 11 columns; like with Exhibits 61 and 64, CoreLogic has moved to file Exhibit 65 conventionally with the Court in native format.  ECF 294.  This document contains highly confidential and extremely sensitive internal accounting information for the CondoSafe business from 2015 and similar information concerning CoreLogic Solutions.  Although this information is now several years out of date, it identifies CoreLogic's former CondoSafe customers which include current CoreLogic customers, details some of CoreLogic Solutions' internal accounting procedures, and could be used by CoreLogic's competitors to understand CoreLogic's non-public organization and financial

---

[2]  It is not abnormal for the court to order sealing rather than redacting a document for the sake of efficiency where the document is large in size. *Melnick v. Tamko Bldg. Prod. LLC*, 2023 WL 5574188 at *3 ("And while the parties could redact the 371-page document, the Court finds it more efficient to seal the document rather than send the matter back to the parties to agree upon redactions.")

structure, to recreate pricing for products, and to learn other non-public financial data. This document was produced with the Attorneys' Eye's Only designation and is treated with extreme sensitivity by CoreLogic. The information in the spreadsheet is not publicly available, and is not necessary to understand the substantive claims and defenses in this action. It is offered in CoreLogic's MSJ for a very narrow piece of financial information contained therein. *See* CoreLogic's MSJ, ECF 298, UF 29. Therefore, for the same reasons as Exhibits 61 and 64, CoreLogic's interest in protecting this document outweighs the public interest in disclosure. *No Spill, LLC v. Scepter Canada, Inc.*, 2021 WL 5177392 at *3. Due to the large proportion of protected information and the size of the document, production of this document with redactions would be extremely impractical if not impossible.

**D.     Exhibit 106 to CoreLogic's Motion for Summary Judgment**

Exhibit 106 to CoreLogic's Motion is the Supplemental Expert Report of CoreLogic's expert witness, Richard Sonnier. ECF # 293-16. Mr. Sonnier's report contains a highly detailed technical analysis of CoreLogic's internal databases and systems. CoreLogic is one of the world's largest data analytics companies. The information described in Mr. Sonnier's report is of the utmost importance to CoreLogic's business and is considered highly sensitive and proprietary information distributed on a need to know basis only. Additionally, Mr. Sonnier's report is cited by CoreLogic in connection with only one paragraph of Mr. Sonnier's report discussing CoreLogic's ranking in terms of volume of orders placed by Uhlig's customers. ECF 289 at UF 142. The inner workings of CoreLogic's databases and systems, as discussed elsewhere in Mr. Sonnier's report, need not be publicly disclosed for the public to understand this aspect of the case because the Uhlig data Mr. Sonnier discusses is also contained in other exhibits to CoreLogic's Motion. ECF # 289 at UF 142 (referring to Adams Decl., ¶ 95, 88, 101, Exs. 100, 90, 106).

Accordingly, CoreLogic's interest in protecting this highly sensitive and non-public technical information easily outweighs the public interest in disclosure. *E.g.*, *Melnick v. Tamko*

*Bldg. Prod. LLC*, 2023 WL 5574188 at *3 and fn. 19 (D. Kan. Aug. 29, 2023) (sealing expert report because it contained trade secrets and other confidential or proprietary business information that could be harmful if disclosed).

E.  **Exhibit 48 to Uhlig's Motion for Summary Judgment**

Exhibit 48 to Uhlig's Motion is the Expert Report of CoreLogic's damages expert, Brian Bergmark. ECF # 286-7. CoreLogic's basis for sealing this document is a combination of the reasons explained with respect to the previous documents. Mr. Bergmark's report is a detailed costs and damages analysis which analyzes and cites much of the highly confidential financial information contained in Exhibit 65. Mr. Bergmark's expert analysis concerns and relies on information such as the amount of CoreLogic's revenues, net profits, and variable expenses, each of which is not publicly disclosed and are treated as highly sensitive within the company. If disclosed to CoreLogic's competitors, CoreLogic's standing in the marketplace would be at risk, because CoreLogic's competitors would be able to use the information to their advantage and CoreLogic's disadvantage in dealing with CoreLogic business partners and customers, and in evaluating costs, expenses and profitability of CoreLogic product. It is well within the precedent of this district to protect such materials. *Melnick v. Tamko Bldg. Prod. LLC*, 2023 WL 5574188 at *3 and fn. 19. Additionally, Uhlig's Motion cites Mr. Bergmark's report for the limited purpose of establishing that the value of CoreLogic orders from Uhlig totaled $2,422,062. CoreLogic is not proposing any redactions or sealing of Uhlig's Motion. Therefore, where Mr. Bergmark's report is cited in Uhlig's Motion, the public will still be able to discern the importance of the cited evidence and does not need to be informed of CoreLogic's detailed internal financial information.

/ / /

/ / /

/ / /

**CONCLUSION**

CoreLogic respectfully requests that the Court grant leave for CoreLogic to file under seal Ex. 61, 64, 65, & 106 to its Motion and Ex. 48 to Uhlig's Motion.  ECF # 292-1, ECF # 292-4, ECF # 292-5, ECF # 293-16, ECF # 286-7.  CoreLogic will separately email the Court a copy of its proposed redactions to Exhibit 31, ECF # 291-1.

Dated: December 7, 2023

Respectfully submitted,

By:  /s/ Eric Barton
Tyler W. Hudson (KS #20293)
Eric D. Barton (KS #16503)
WAGSTAFF & CARTMELL LLP
4740 Grand Ave. Ste. 300
Kansas City, MO 64112
Telephone: 816-701-1100
Facsimile: 816-531-2372
thudson@wcllp.com
ebarton@wcllp.com

Michael D. Adams (*pro hac vice*)
Damon Mircheff (*pro hac vice*)
Seth M. Jessee (*pro hac vice*)
RUTAN & TUCKER, LLP
18575 Jamboree Road, 9th Floor
Irvine, CA  92612
Telephone:  714-641-5100
Facsimile:  714-546-9035
madams@rutan.com
dmircheff@rutan.com
sjessee@rutan.com

*Attorneys for Defendants and Counterclaim Plaintiffs CORELOGIC, INC. and CORELOGIC SOLUTIONS, LLC*