**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UHLIG, LLC d/b/a CONDOCERTS™ AND d/b/a WELCOMELINK®, | ) ) ) CASE NO. 2:21-cv-02543-DDC-GEB |
| Plaintiff-Counterclaim Defendant, | ) ) ) |
| vs. | ) ) |
| CORELOGIC, INC. and CORELOGIC SOLUTIONS, LLC | ) ) ) |
| Defendants-Counterclaim Plaintiffs. | ) ) ) |

**CORELOGIC'S MEMORANDUM IN SUPPORT OF OBJECTIONS TO NOVEMBER 29, 2023 PRETRIAL ORDER**

/ / /

/ / /

/ / /

/ / /

## **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION AND REQUESTED RELIEF ...............................................................1

II. BACKGROUND ................................................................................................................2

III. STANDARD OF REVIEW AND LEGAL STANDARD FOR PRETRIAL ORDERS.....5

IV. UHLIG IMPROPERLY SEEKS TO USE THE PRETRIAL ORDER TO EXPAND ITS CLAIMS AND CREATE AMBIGUITY ..........................................................................6

    A. Uhlig's Inadequate and Improper Statement Of Claims Generally ........................6

    B. Uhlig's Statement Of Claims For Breach Of Contract (Counts II through V) Fails To State The Basis For Those Claims And Seeks To Amend And Expand Them..7

    C. Uhlig's Statement Of Claim For Fraud (Counts VI) Improperly Seeks To Amend And Expand That Claim ......................................................................................10

    D. Uhlig's Statement Of Claim For Misappropriation Of Trade Secrets (Count IX) Improperly Seeks To Expand And Leave Undefined That Claim .........................11

    E. Uhlig's Statement Of Claim For Unjust Enrichment (Count X) Improperly Seeks To Amend And Expand That Claim .......................................................................13

    F. Uhlig's Statement Of Damages Attempts To Add An Un-pleaded Claim For A Contractual Right To Attorneys' Fees ...................................................................14

V. CONCLUSION.................................................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Cortez v. Wal-Mart Stores, Inc.*,
    460 F.3d 1268 (10th Cir. 2006) ......................................................................................5, 12, 13

*First Union Mortg. Corp. v. Smith*,
    229 F.3d 992 (10th Cir. 2000) ...................................................................................................5

*Ocelot Oil Corp. v. Sparrow Indus.*,
    847 F.2d 1458 (10th Cir. 1988) .................................................................................................5

*Walker v. Bd. of Cnty. Comm'rs of Sedgwick Cnty.*,
    No. 09-1316-MLB, 2011 WL 2790203 (D. Kan. July 14, 2011) ..............................................5

*Wilson v. Muckala*,
    303 F.3d 1207 (10th Cir.2002) ..................................................................................................5

*Zenith Petroleum Corp. v. Steerman*,
    656 F. App'x 885 (10th Cir. 2016) .............................................................................................5

**RULES**

Federal Rules of Civil Procedure
    rule 9(b) ....................................................................................................................................10
    rule 12(h) ....................................................................................................................................9
    rule 12(i) .....................................................................................................................................9
    rule 15(a) ....................................................................................................................................5
    rule 16 ........................................................................................................................................5
    rule 72 ........................................................................................................................................4
    rule 72(a) ....................................................................................................................................5

## I.     INTRODUCTION AND REQUESTED RELIEF

CoreLogic, Inc. and CoreLogic Solutions, LLC (together "CoreLogic") respectfully object to portions of the November 29, 2023 Pretrial Order (ECF 279) by Magistrate Judge Birzer as to Uhlig's statement of Legal Claims and Defenses (Sect. 4.a.) and Uhlig's claimed damages (Sect. 5.a.), as stated in CoreLogic's Motion and herein.

CoreLogic's Objection results from Uhlig's efforts to misuse the pretrial order to expand Uhlig's claims for relief from what Uhlig alleged in its operative Second Amended Complaint ("SAC") and to make the bases of those claims more ambiguous and hence flexible for Uhlig (SAC, ECF 193). Uhlig's actions created a moving target in terms for CoreLogic's Motion for Summary Judgment, which was due one day after the Pretrial Order was entered. During the process of the parties exchanging drafts of the proposed pretrial order and submitting two drafts to the Court, CoreLogic asserted objections consistent with this Objection. (Adams decl., ¶¶ 3-5, 7, Exs. 1, 2, 4.) At the November 29 conference on the proposed pretrial order, Judge Birzer acknowledged CoreLogic had made an abundant record of its objections to portions of the pretrial order prepared by Uhlig concerning Uhlig's Legal Claims, and Damages. (See Adams Decl., ¶ 8, Ex. 5 [Nov. 29 Trans., generally, at pp. 45-62].) Judge Birzer allowed certain CoreLogic objections in footnotes in the pretrial order to remain in the final order, and struck other objections in the process of cleaning up the document and entering the Pretrial Order.[1]

CoreLogic objects again here, as to the entered Pretrial Order. It was evident that Uhlig was attempting to use the pretrial order to expand and re-position claims, make it more difficult for CoreLogic to obtain summary judgment, and better position Uhlig for summary judgment

---

[1] CoreLogic acknowledges that Magistrate Judge Birzer allowed CoreLogic to assert the objections identified herein and that Judge Birzer recognized that CoreLogic had preserved those objections. And CoreLogic recognizes that Judge Birzer was removing many of CoreLogic's objections from the Pretrial Order to have a streamlined document from which this Court could operate. That said, CoreLogic also recognizes that the only objections this Court would be aware of, absent filing this Objection, are the objections stated in the Pretrial Order. CoreLogic thus also brings this Objection to draw attention to the objections CoreLogic made to the pretrial order, and which Judge Birzer found had been preserved, but which Judge Birzer removed from the Pretrial Order to have a more streamlined documents for this Court.

and trial on certain CoreLogic claims. This included expanding the grounds for Uhlig's claims for breach of contract, attempted to assert a different claim for fraud than the claim Uhlig pleaded, and adding a un-pleaded claim for contractual attorneys' fees. Uhlig's attempt to use the pretrial order to expand the basis for its claims in some instances and to make other claims less definite than its SAC is antithetical to the purpose of the pretrial order. And it has prejudiced CoreLogic as to the pending motions for summary judgment in forcing CoreLogic to oppose Uhlig's motion that asserts grounds for its claims different and broader than what Uhlig pleaded, and to include facts and argument in CoreLogic's motion that would not have been necessary had Uhlig not used the pretrial order for improper purposes order (e.g., its new claim for contractual attorneys' fees). CoreLogic anticipates that Uhlig's Opposition to CoreLogic's MSJ will further force CoreLogic to respond to arguments that would not be before the Court if the pretrial order on Uhlig's claims were properly conformed to Uhlig's SAC.

CoreLogic's specific objections to the Pretrial Order are set forth in the concurrently-filed Motion and Objections and herein. CoreLogic asks the Court: (1) to strike portions of the Pretrial Order where Uhlig's statement of the basis of its Legal Claims alters or expands the grounds alleged in Uhlig's SAC; and (2) to order that for purposes of summary judgment and trial, Uhlig is bound by its allegations in its SAC. In the alternative, CoreLogic asks the Court to enter an amended order that conforms Uhlig's statement of its legal claims and damages to Uhlig's SAC, and for such other relief as the Court deems appropriate based on Uhlig's attempted misuse of the Pretrial Order.

## II. BACKGROUND

Uhlig sued CoreLogic in November 2021 alleging eight counts, including multiple counts of breach of contract for allegedly breaching Uhlig's standard terms and conditions by "reselling Community Information for commercial purposes." (ECF 1, Counts 2-5.) Uhlig filed its First Amended Complaint in June 2022 asserting the same eight counts and general grounds. (ECF 63.)

On July 26, 2023, Uhlig told CoreLogic that it intended to file an SAC to allege new claims for trade secret misappropriation and unjust enrichment, and sent CoreLogic its proposed SAC,

asking if CoreLogic would stipulate to its filing. CoreLogic responded on July 31 that it would stipulate. ECF 261, ¶¶ 7-8. Uhlig waited three weeks before filing its SAC on August 21, 2023. ECF 193. Pursuant to the Third Amended Scheduling Order, the fact discovery deadline was September 22 and deadline for completing all discovery was October 31, 2023. ECF 188. Uhlig's SAC alleged the exact same breach for each of its four breach of contract claims as in the prior two iterations of its complaint; namely, "reselling Community Information for commercial purposes." ECF 1, ¶¶ 75, 81, 87, 93; ECF 63, ¶¶ 75, 81, 87, 93; and ECF 193, ¶¶ 79, 85, 91, 97.

In early November 2023, CoreLogic and Uhlig exchanged drafts of portions of the proposed pretrial order to be jointly submitted to Judge Birzer by November 10, 2023. (Adams decl., ¶ 2.) After exchanging language, a meet and confer call was scheduled to attempt to harmonize the parties' differences and to meet and confer. (*see Id*., ¶¶ 3-5.) On November 9, CoreLogic's counsel sent Uhlig's counsel correspondence identifying portions of the pretrial order Uhlig prepared and that CoreLogic asserted did not comply with the requirements of a pretrial order and/or improperly sought to alter Uhlig's claims as pleaded, stating in part:

> Uhlig's statement of legal claims and defenses generally. Uhlig does not provide sufficient information on its claims and defenses, which should be supplemented. We can discuss more tomorrow, but CoreLogic's portion of the Legal Claims and Defenses has the level of information that we believe needs to be provided to sufficiently put the other party on notice of the claims and defenses being asserted.

(Adams decl., ¶ 4, Exh. 1.) The parties meet and conferred on November 10 and discussed CoreLogic objections, including those CoreLogic had added in footnotes to the draft order, and discussed Uhlig objections. (*Id*., ¶ 5.) As a result of that call, Uhlig's counsel stated that they would add written objections to CoreLogic's statement of its legal claims and defenses, which they did. (See Adams decl., ¶ 5, Ex. 2 [Nov. 10 draft order].) Later on November 10, 2023, the parties submitted to Judge Birzer the proposed pretrial order that included CoreLogic objections in footnotes and Uhlig objections in the body of the pretrial order in indented paragraphs. (*Id*., ¶ 5, Ex. 2 [proposed order at Sections 4.a. through 4.d. and 5.a. through 5.d.].) The parties included

this statement in footnote 3 regarding their respective Legal Claims and Defenses:

> The parties are unable to agree on what constitutes a concise statement of claims and defenses, which is reflected in some of their comments herein. Further, each party believes that the other has included statements or contentions that are unsupported by the pleadings. Consequently, the parties are pointing out any such instances, without waiver of their right to generally insist on compliance with pleadings for any statements or contentions that are not specifically challenged herein.

(*Id*.)  On November 21, Judge Birzer conducted the pretrial conference, walking through the proposed order submitted on November 10 and the parties' objections.  (*Id*., ¶ 6)  Judge Birzer issued orders verbally during the conference, including for the parties to shorten their respective factual contentions (Section 3) and to make other revisions to the Legal Claims and Defenses (Section 4) and Damages and Non-Monetary Relief Requested (Section 5).  ECF 270 [text order]; Adams decl., ¶ 6, Ex. 3 [Trans. of Nov. 21 conf.].)  And Judge Birzer ordered the parties to submit the revised proposed pretrial order by November 27.  *Id*., and ECF 270.

The parties revised the proposed pretrial order and submitted the revised version on November 27, 2023.  (Adams decl., ¶ 7 Ex. 4.)  The revised proposed order included CoreLogic and Uhlig objections in footnotes, primarily for Sections 4 and 5.  (*Id*.)

Judge Birzer held a further conference on November 29, 2023 on the revised pretrial order.[2]  Judge Birzer acknowledged that both parties had asserted objections and were preserving them by their statements in the proposed pretrial order and at the conference itself.  (Adams decl., ¶ 8, Ex. 5 [Nov. 29 Trans., generally at pp, 45-62].)

During the November 29 conference Judge Birzer also struck portions of the pretrial order, explaining her deletions and revisions to the parties as they "walked through" portions of the document, and allowing oral argument.  (see *Id*.)  This included striking the text of many of the objections in the November 27 draft, including for purposes of cleaning up the pretrial order as to the parties' objections and to conform the final document to her rulings on the scope of the

---

[2] The first part of the November 29, 2023 conference addressed two other matters not part of this Rule 72 Objection.

-4-

statements of Legal Claims and Defenses. (Compare Adams decl., ¶ 7, Ex. 4 [Nov. 27 proposed order] and See ECF 279 [entered Pretrial Order].) Some objections remained in the document in footnotes. *Id.* Judge Birzer made these revisions to the draft pretrial order directly and entered the Pretrial Order later that same day, November 29. (ECF 279.)

### III. STANDARD OF REVIEW AND LEGAL STANDARD FOR PRETRIAL ORDERS

When reviewing a Magistrate Judge's order deciding nondispositive pretrial matters, the district court applies a "'clearly erroneous or contrary to law' standard of review." FRCP 72(a); *see First Union Mortg. Corp. v. Smith,* 229 F.3d 992, 995 (10th Cir. 2000). Under the clearly erroneous standard, the district court will overrule a Magistrate Judge's order when the entire evidence leaves it "with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.,* 847 F.2d 1458, 1464 (10th Cir. 1988). A Magistrate Judge's order is contrary to law if it "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Walker v. Bd. of Cnty. Comm'rs of Sedgwick Cnty.*, No. 09-1316-MLB, 2011 WL 2790203, at *2 (D. Kan. July 14, 2011).

In addition, the primary purpose of the pretrial order is to avoid surprise by requiring the parties to "fully and fairly disclose 'their views as to what the real issues of the trial will be.'" *Cortez v. Wal-Mart Stores, Inc.*, 460 F.3d 1268, 1276 (10th Cir. 2006) (internal quotation marks omitted); *Zenith Petroleum Corp. v. Steerman*, 656 F. App'x 885, 887 (10th Cir. 2016). "The laudable purpose of Fed.R.Civ.P. 16 is to avoid surprise, not foment it." *Wilson v. Muckala*, 303 F.3d 1207, 1216 (10th Cir.2002). Moreover, "the party seeking to add a claim or defense should do so with specificity and clarity so as to minimize the ill effects of that practice. Specificity and clarity provide the trial court with a fair opportunity to consider whether to approve or deny what is obviously an attempt to amend the pleadings at a rather late date. Fed. R. Civ. Pro. 15(a)." *Id*.

As discussed herein, it was improper for Uhlig to seek to expand its pleadings through the pretrial order, and was made worse in Uhlig asserting bare conclusions of its claims that are the antithesis of clarity and that fail to provide most of the material information on its claims.

CoreLogic seeks an order overruling Judge Birzer's rulings as to portions of the pretrial order that fail to comply with the requirements for the pretrial order, as being contrary to the essential purpose of the pretrial order and hence contrary to law.  CoreLogic also objects that Judge Birzer's ruling, while acknowledging CoreLogic's objections, were clearly erroneous in allowing the provisions of Uhlig's claims and damages in the pretrial order objected to here.

## IV. UHLIG IMPROPERLY SEEKS TO USE THE PRETRIAL ORDER TO EXPAND ITS CLAIMS AND CREATE AMBIGUITY

### A. Uhlig's Inadequate and Improper Statement Of Claims Generally.

CoreLogic objects that while Judge Birzer allowed CoreLogic to make its record of its objections to Uhlig's portions of the Pretrial Order, Judge Birzer erroneously allowed Uhlig to make a Statement of Claims for each of its claims for relief that is too conclusory to put CoreLogic on notice of the basis of those claims in some instances, and in other instances seeks to expand the grounds of it claims beyond Uhlig's SAC allegations.  For all of Uhlig's ten claims for relief other than fraud, Uhlig offers a one-sentence statement that provides no information on the factual basis of the claim.  ECF 279, Section 4.a.; Adams decl., Exs. 2 and 4 [draft pretrial orders submitted Nov. 10 and Nov. 27].  At the November 29 conference, Judge Birzer struck CoreLogic's general objection in footnote 4[3] to Uhlig's failure to sufficiently state the basis of its claims, not because she was overruling CoreLogic's objection, but because "we know that from your defenses, you've said that. And so I don't think that this footnote is necessary because I think it's going to be abundantly clear from if not your factual contentions from the defenses that the -- the plethora of defenses that you raise here."  (Adams decl., ¶ 8, Ex. 5 [Nov. 29 Trans., 45:12-21].)

Uhlig has used this vagueness in its statement of claims to bring claims in its motion for summary judgment that alter and exceed the claims Uhlig pleaded, as discussed below, and is expected to use it in opposing CoreLogic's motion for summary judgment and at trial.  CoreLogic maintains that Judge Birzer should have ordered Uhlig to provide definite statements

---

[3]   Adams decl., ¶ 7, Ex. 4 [Nov. 27 draft order, footnote 4 at pg. 16].

of its claims that conformed to its SAC and that not doing so and allowing Uhlig's statement of bare conclusions that were not consistent with its SAC without justification was clear error.

**B.    Uhlig's Statement Of Claims For Breach Of Contract (Counts II through V) Fails To State The Basis For Those Claims And Seeks To Amend And Expand Them.**

The Magistrate Judge erroneously allowed Uhlig to make a one-sentence statement ostensibly encapsulating Uhlig's second, third, fourth and fifth claims for relief for breach of contract that is far too general and that attempts to expand the breaches Uhlig pleaded. In the Pretrial Order, Uhlig states its breach of contract claims thus:[4]

> Breach of the Customer Agreements (Counts II-V) by reproducing, copying, modifying, altering, adding to, aggregating, compiling, integrating, selling, distributing, or otherwise exploiting or reusing for commercial purposes (other than reimbursement for charges for which the specific Order is made) Mortgage Questionnaires, Documents and other materials and data obtained by CoreLogic through Uhlig's Ordering Sites.

ECF 279, Section 4.a.

This single sentence on Uhlig's four counts for breach seeks to dramatically expand the basis of Uhlig's breach claims from the claims that Uhlig pleaded through the course of this action, including in its SAC. In its SAC, Uhlig was concrete as to the alleged contract requirements and breaches, alleging that "The Terms of Use [Account Registration Agreement, Information Upload Agreement, and Order Submission Agreement] prohibit resale of Community Information for commercial purposes, and that CoreLogic breached each of the four "Customer Agreements" "by reselling Community Information for commercial purposes." ECF 193, bracketed text added [SAC, ¶¶ 76, 79; 82, 85; 89, 91; 94, 97].

But Uhlig attempts, through the Pretrial Order and explicitly through its MSJ, to expand the alleged breach to a dozen other acts. ECF 279, pg. 27-28; ECF 284 at UF 73 [MSJ statement

---

[4]    Judge Birzer acknowledged that CoreLogic preserved its objection as Uhlig's statement of Uhlig's counts for breach of contract: "Now the specific ones about, you know, the contract, the breach of contract, I know. You've preserved that very well. So if that's, you know, what you're talking about, I think that you've preserved that until you can't anymore." Adams decl., ¶ 5, Ex. 5 [Nov. 29 Trans. at 46:9-18].

expanding the alleged breach of "reselling Community Information for commercial purposes" into a dozen other asserted breaches].[5]  In is MSJ, Uhlig cites its statement of Legal Claims in the Pretrial Order and its ten-page Factual Contentions as the basis for its expanded breach claim.  It is improper for Uhlig to cite to a sweeping and general ten page statement of facts in Pretrial Order to define its contract claims when the Pretrial Order requires the party to state the essence of those specific claims in Section 4.[6]

Uhlig changings its claims in this manner is a misuse of the pretrial order and prejudicial to CoreLogic, which has been forced to deal with a moving target in bringing its MSJ and opposing Uhlig's MSJ.  The Court should Order that Uhlig's claims for breach are as Uhlig alleges in its SAC for purposes of the parties' MSJs and trial – not as Uhlig attempts to restate in the Pretrial Order and MSJ.

Uhlig's statement of claims in the Pretrial Order for breach of contract, additionally, does not even identify the documents constituting the contract(s) at issue.  In a different case, the nature of the contract(s) the plaintiff is asserting may be self-evident; not so here.  Uhlig asserts it has four general contract types (which Uhlig defines as the "Customer Agreements"), each with different versions that Uhlig asserted governed the parties' relationship at some point from 2014 through November 2021.  Uhlig's MSJ, ECF 284, UF 7-11.  Uhlig's Statement of Claims in the Pretrial Order provides no information on formation or nature of the contracts, which is

---

[5]     Uhlig's UF 73 states: "73. Uhlig asserts that CoreLogic breached the Customer Agreements by using data obtained from Uhlig for commercial purposes, including by supplementing and repacking questionnaires as CondoSafe Reports, passing off the CondoSafe Reports as having been prepared and certified by Uhlig, selling and reselling individual documents (such as budgets, CC&Rs, etc.) purchased from Uhlig, and using Uhlig data to enrich/enhance other data in CoreLogic's possession, including stored in, used by or relied on by CoreLogic's various databases, platforms, processes, procedures and analytics to create a host of other products and services and to enhance the accuracy of CoreLogic's research and development and artificial intelligence machine learning ("AIML") processes. ECF 279, pp. 6-13."  Uhlig's MSJ, ECF 284 at 25-26.

[6]     See CoreLogic's objections in the November 27 draft order to Uhlig's statement of its contract claims, at footnotes 4, 5, 9 and 19 (Adams decl., ¶ 7, Ex. 4) and objections at the Nov. 29 conf.  Adams decl., ¶ 8, Ex. 5 [Trans. at 35:13 – 37:6; and 37:15 – 38:12; 39:9 – 40:21].

fundamental to its prima facie case. Uhlig's MSJ also attempts to gloss over formation and the nature of the contracts and provisions at issue, including through sweeping conclusions like "While the Customer Agreements have been updated over the years, the material provisions have remained substantially the same," and "At all times relevant, the Terms of Use on Uhlig's Ordering Sites prior to the current version contain most of the foregoing provisions using substantially similar language . . . ." ECF 284, UF 9, 11.

CoreLogic asserted in its objections in the draft pretrial orders that CoreLogic would, in the absence of essential information in the Pretrial Order, rely on Uhlig's SAC as to its claims for breach of contract. Adams decl., ¶ 7, Ex. 4; ¶ 8, Ex. 5 [Nov. 29 Trans. at 45:22-49:3]. CoreLogic asks this Court to Order that Uhlig is bound by its SAC that the Pretrial Order does not supersede Uhlig's allegations as to the alleged contracts and breaches.

Uhlig seeks to further exploit the vagueness of the Pretrial Order in arguing in its MSJ that CoreLogic cannot assert a "failure to state a claim" defense to Uhlig's contract claims because CoreLogic's statement of that defense in the Pretrial Order is limited to Uhlig's fraud claim. See ECF 284 [MSJ at UF 88], ECF 279 at pg. 33. Even assuming that "failure to state a claim" was an affirmative defense, and the Pretrial Order does not transform CoreLogic's denials of Uhlig's allegations into admissions on Uhlig's claims as to contract formation or the material terms. Irrespective of CoreLogic's statement of specific defenses, Uhlig carries the burden on summary judgment of proving the prima facie elements of its claims. Here, where Uhlig's statement of its claims for breach failed to provide sufficient information on the basis of those claims, CoreLogic is not precluded on summary judgment from arguing and offering evidence that Uhlig fails to establish essential elements and thus fails to state a claim.[7]

---

[7] CoreLogic was not required in the Pretrial Order to identify all instances where Uhlig failed to state a claim because Uhlig could not establish an element of the claim. See Fed. R. Civ. P. 12(h) and 12(i). CoreLogic's portion of the Pretrial Order on Uhlig's failure to state a claim addressed Uhlig's claim for fraud with particularity because of Uhlig's improper attempt to use the pretrial order to try to cure Uhlig's defective pleading of its fraud claim.

**C.      Uhlig's Statement Of Claim For Fraud (Counts VI) Improperly Seeks To Amend And Expand That Claim.**

Third, the Magistrate Judge erroneously allowed Uhlig to include language in its statement of its sixth claim for relief for fraud that seeks to amend and fundamentally change the basis for that claim relative to the claim Uhlig pleaded.  See ECF 193, ¶¶ 99-103 [SAC alleging fraud] and ECF 279 at Section 4.a.iii.  Uhlig's original statement of its fraud claim in the draft pretrial order was even more flagrant in attempting to assert a different claim.  Simply put, Uhlig's alleged fraud as pleaded in the SAC is premised on CoreLogic's asserted false representations *to CoreLogic's own customers*; but by the pretrial order, Uhlig sought to amend that claim to base it on entirely different "false representations" *made to Uhlig*.  (Adams decl., ¶ 5, Ex. 2 [Nov. 10 draft pretrial order at Section 4.a.].  CoreLogic objected to this tactic, objecting in the meet and confer (Adams decl., ¶ 3, Ex 1 [Nov. 9 meet and confer].) and in the draft pretrial order submitted on November 10.  (*Id*., ¶ 5, Ex. 2.)  At the November 21 pretrial conference, Judge Birzer ordered Uhlig's counsel to revise its statement of its fraud claim to conform to the SAC.  (Adam decl., ¶ 6, Ex. 3 [Trans. at 11:4 – 14:13 and 29:10-13.].)

Uhlig revised but still sought to amend the claim alleged in the SAC by omitting to whom the false representation was made and by trying to rely on general allegations incorporated by reference.  (Adams decl.., ¶ 7, Ex. 4.)  CoreLogic objected to the revised statement of Uhlig's fraud claim, including because it still attempted to amend its claim and that fraud must be pleaded with particularly (Fed. R. Civ. P. 9(b)), which Uhlig could not do through incorporating general allegations.  (Adams decl., ¶ 7, Ex. 4 [draft order, pgs. 16-17 and fn. 6].)  In the final Pretrial Order, Judge Birzer struck the last sentence of Uhlig's statement of is fraud claim that referred to evidence but allowed the rest.[8]  ECF 279 pg. 28.  As it is stated in the Pretrial Order, Uhlig's fraud claim still impermissibly attempts to assert a different claim than alleged in the SAC or prior Uhlig complaint.  CoreLogic asks the Court to amend the Pretrial Order to conform

---

[8]      *See* Adams decl., ¶ 7, Ex. 5 [Nov. 29 Trans. at 49-50].

it to the claim Uhlig pleaded in the SAC, and/or to order that Uhlig's SAC controls for Uhlig's fraud claim for MSJ and trial.

**D.     Uhlig's Statement Of Claim For Misappropriation Of Trade Secrets (Count IX) Improperly Seeks To Expand And Leave Undefined That Claim.**

Fourth, Magistrate Judge erroneously allowed Uhlig to assert in the Pretrial Order a one-sentence statement of its ninth claim for relief for trade secret misappropriation that expands the grounds for that claim, and seeks to leave open the door to Uhlig defining the trade secret and alleged misappropriation at trial however Uhlig wants through the sweeping vagueness of its one-sentence statement in the Pretrial Order.[9]  ECF 279, Section 4.a.vi., pg. 28.

The purpose of Uhlig's August 21, 2023 SAC was to add counts for misappropriation of trade sections (Count IX) and common law unjust enrichment (Count X).  Uhlig alleged that CoreLogic misappropriated Uhlig trade secrets: "By compiling, retaining and storing compilations of Community Information obtained from Plaintiff in its master databases, including Diablo, and utilizing that information to develop and sell products and services in breach of the Customer Agreements . . ."  ECF 193 [SAC, ¶ 127].

Uhlig's one-sentence statement of its trade secret misappropriation claim in the Pretrial Order is improperly terse and conclusory – seemingly as a tactic to try to leave open the ability for Uhlig to define the trade secret and the alleged misappropriation however it decides at trial:

> Misappropriation of Uhlig's trade secrets (Count IX) for CoreLogic's disclosure or use of Uhlig's trade secret compilations of Community Information in CoreLogic's services, analytics, models, platforms, products and applications.

ECF 279, Section 4.a.vi., pg. 28.  As CoreLogic also objected, this statement seeks to expand the grounds of the alleged misappropriation.  It no longer is the "compiling, retaining and storing compilations of Community Information obtained from Plaintiff in its master databases," but is

---

[9]     Judge Birzer acknowledged that CoreLogic preserved its objection to Uhlig's statement of claim for trade secret misappropriation.  Adams decl., ¶ 5, Ex. 5 [Nov. 29 Trans. at 50:14-25].

-11-

now any "disclosure or use of Uhlig's trade secret compilations of Community Information in CoreLogic's services, analytics, models, platforms, products and applications."

Uhlig's failure to sufficiently define or identify the nature of the trade secret is also prejudicial because CoreLogic intends to move to exclude Uhlig from offering late-produced evidence as to that claim and to exclude the claim entirely based on Uhlig's failure to produce evidence of the trade secret. Uhlig's improperly vague statement of a trade secret claim on which Uhlig seeks as much as $387 million in recovery (ECF 279, Section 5.a.v.) impedes the Court from ruling on these important issues before trial and is prejudicial to CoreLogic. A party seeking hundreds of millions of dollars in damages – or even just hundreds of thousands of dollars – in trade secret damages needs to meaningfully identify the alleged trade secret and basis of the misappropriation claim.

During the meet and confer process, CoreLogic objected that Uhlig's statement of its claims were improperly vague and general. (Adams decl., ¶ 4, Ex. 1.) CoreLogic objected again in connection with the draft proposed pretrial order submitted on November 10 that Uhlig's statement of its claims were deficient. (See *Id*., ¶ 5, Ex. 2 [draft at Section 4.a.].) In the revised proposed pretrial order submitted on November 27, CoreLogic also objected that "Uhlig's one-sentence statements of its claims for misappropriation of trade secrets, unjust enrichment and other claims for relief do not 'fully and fairly disclose their views as to what the real issues of the trial will be.' *See Cortez v. Wal-Mart Stores, Inc.,* 460 F.3d 1268, 1276 (10th Cir. 2006). CoreLogic must therefore rely on Uhlig's SAC as the basis or grounds for Uhlig's claim for relief." (*Id*., ¶ 7, Ex. 4, fn. 7.) And CoreLogic objected again at the November 29 conference. (*Id*., ¶ 8, Ex. 5 [Nov. 29 Trans. 50:14 through 51:4].)

CoreLogic asks the Court to Order that Uhlig is bound by the allegations in its SAC as to Uhlig's claim for trade secret misappropriation, notwithstanding its one-sentence statement in the Pretrial Order on this supposed hundred million dollar claim.

/ / /

E.     **Uhlig's Statement Of Claim For Unjust Enrichment (Count X) Improperly Seeks To Amend And Expand That Claim.**

Fifth, the Magistrate Judge erroneously allowed Uhlig to assert in the pretrial order a vague one-sentence statement of its tenth claim for relief for unjust enrichment that, in its conclusory form, can be read to amend and disavow the claim Uhlig pleaded in the SAC.[10] Compare ECF 279 at pg. 29 and ECF 193 at ¶¶ 131.  In its SAC, Uhlig pleaded that the basis for its claim was that CoreLogic was unjustly enriched by Uhlig providing "a benefit to the Defendant by providing Community Information, which Defendant promised not to use for commercial purposes but nevertheless did so . . . *through the commercial creation and sale of CondoSafe Reports and by compiling, storing and integrating Uhlig's compilation of Community Information* into Defendant's databases for the economic benefit of Defendant." (ECF 193 [SAC, ¶ 131].)  By the Pretrial Order, Uhlig seeks to broaden that claim:

> Unjust enrichment (Count X) for CoreLogic's use of the Community Information in the CondoSafe Reports and in its various services, analytics, models, platforms, products, applications and databases without payment for its value.

ECF 279, Section 4.a.vii., pg. 28.[11]  Unjust enrichment, according to Uhlig, entitles Uhlig to some $130 million in damages.  ECF 279, Section 5.a.vi.

Uhlig's one-sentence, overly-general statement of that claim does not do not "fully and fairly disclose their views as to what the real issues of the trial will be" on the basis of that claim[12] and would allow Uhlig to try to present a claim based on almost any conduct by CoreLogic that it wants.  Here too, CoreLogic asks the Court to Order that Uhlig is bound by the allegations in its SAC as to Uhlig's claim for unjust enrichment.

---

[10]    Judge Birzer acknowledged that CoreLogic preserved its objection as Uhlig's statement of its claim for unjust enrichment.  Adams decl., ¶ 8, Ex. 5 [see Nov. 29 Trans. at ¶ 53:22-55:7].

[11]    CoreLogic has moved for summary judgment/judgment on the pleadings on Uhlig's claim for unjust enrichment based on displacement by Uhlig's statutory claim for trade secret misappropriation.  If so granted it would render this request moot.

[12]    *Cortez v. Wal-Mart Stores, Inc.*, 460 F.3d 1268, 1276 (10th Cir. 2006).

F.  **Uhlig's Statement Of Damages Attempts To Add An Un-pleaded Claim For A Contractual Right To Attorneys' Fees.**

Sixth, the Magistrate Judge erroneously allowed Uhlig to assert in the Pretrial Order an un-pleaded claim for contractual attorneys' fees: "The Customer Agreements also entitle Uhlig to its costs and fees." (Pretrial Order, Section 5.a.ii.)  Uhlig did not plead a right to contractual prevailing party attorneys' fees.  (ECF 193 [SAC].)  Uhlig's prayer included only a general allegation for "An award of costs and attorney fees as allowed by applicable law[13]," based on it Lanham Act claim (SAC, ¶ 17) and misappropriation of trade secrets claim (SAC, ¶ 128).

Beyond not pleading a right to attorneys' outside of its two statutory claims alleging a right to fees, none of the from agreements Uhlig produced or that it offers in support of its MSJ have a prevailing party attorneys' fees clause.  See ECF 284, UF 6-15.  Uhlig asserts in the Pretrial Order that is has a right to attorneys' fees based on indemnity provisions in some of its form agreements as amended in May and August 2021[14] – but Uhlig also never pleaded an indemnity claim or right to recovery fees thereunder.  ECF 193.  In the draft November 10 pretrial order, CoreLogic objected on those grounds. Adams decl., ¶ 5, Ex. 2, fn. 7.  CoreLogic objected again in the November 27 draft pretrial order, and at the November 29 hearing.  *Id.*, ¶ 7, Ex. 4, fn. 20; ¶ 8, Ex. 5 [Trans. at 83:20 - 87:8].  Judge Birzer allowed CoreLogic's objection in the final Pretrial Order but did not strike Uhlig's assertion of contractual attorneys' fees.  ECF 279, fn. 14.  Uhlig's attempt to inject this un-pleaded claim through the pretrial order – in a case that has resulted in millions of dollars in attorneys' fees – is improper and highly prejudicial to CoreLogic, which was deprived of discovery on Uhlig's indemnity provisions and the potential application to this lawsuit.  Uhlig's request and its statement as a contractual right to attorneys' fees should be stricken.

---

[13]  ECF 193, Prayer ¶ 8.
[14]  Uhlig asserts in the Pretrial Order: "Uhlig sought attorneys' fees in its claims for relief, and the Customer Agreements provide for indemnification to Uhlig by CoreLogic (including payment of attorneys' fees incurred) for CoreLogic's breach of the Customer Agreements, including but not limited to the Terms of Use, the Order Submission Agreement and the Information Upload Agreement."  ECF 279, Section 5.a.ii.

## V. CONCLUSION

CoreLogic respectfully asks the Court: (1) to strike portions of the Pretrial Order where Uhlig's assertions of the basis of its Legal Claims expand those claims relative to Uhlig's SAC, as explained herein; and (2) order that for purposes of summary judgment, further law and motion, and trial, Uhlig is bound by its allegations in its SAC where Uhlig has sought to use the Pretrial Order to expand or make ambiguous the claims alleged in its SAC. In the alternative, CoreLogic asks the Court to enter a new and amended pretrial order that conforms Uhlig's Claims and Damages in the pretrial order to Uhlig's SAC.

Dated: December 13, 2023

Respectfully submitted,

By: _____/s/ Eric Barton_____
Tyler W. Hudson (KS #20293)
Eric D. Barton (KS #16503)
WAGSTAFF & CARTMELL LLP
4740 Grand Ave. Ste. 300
Kansas City, MO 64112
Telephone: 816-701-1100
Facsimile: 816-531-2372
thudson@wcllp.com
ebarton@wcllp.com

Michael D. Adams (*pro hac vice*)
Damon Mircheff (*pro hac vice*)
Seth M. Jessee (*pro hac vice*)
RUTAN & TUCKER, LLP
18575 Jamboree Road, 9th Floor
Irvine, CA 92612
Telephone: 714-641-5100
Facsimile: 714-546-9035
madams@rutan.com
dmircheff@rutan.com
sjessee@rutan.com

*Attorneys for Defendants and Counterclaim Plaintiffs CORELOGIC, INC. and CORELOGIC SOLUTIONS, LLC*