## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UHLIG LLC,

     **Plaintiff/Counter Defendant,**

v.

CORELOGIC, INC., et al.,

     **Defendants/Counter Claimants.**

Case No. 21-2543-DDC

## MEMORANDUM AND ORDER

The parties have filed motions for summary judgment. Doc. 283; Doc. 288. Each side has responded. Doc. 309; Doc. 311. And each side has replied. Doc. 325; Doc. 327. Now, the parties have filed six motions seeking to seal certain summary judgment exhibits or seeking permission to redact certain summary judgment documents. Doc. 300; Doc. 301; Doc. 319; Doc. 321; Doc. 332; Doc. 333. The court grants all three motions of defendants CoreLogic, Inc. and CoreLogic Solutions, LLC. The court grants in parts and denies in part plaintiff Uhlig LLC's three motions. The court explains these decisions, below, starting with the governing legal standard.

### I.    Legal Standard

The Supreme Court recognizes the "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S 589, 597 (1978) (citations omitted). But this right is not absolute. *Id.* at 598. As a result, "there is a 'strong presumption in favor of public access[.]'" *United States v. Pickard*, 733 F.3d 1297, 1302 (10th Cir. 2013) (quoting *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007)).

This "strong presumption" increases when the information subject to a request to seal or redact provides the basis for a court's decision on the merits of the litigation. *Id.*

A party may rebut the presumed access to judicial records by demonstrating that "'countervailing interests heavily outweigh the public interests in access.'" *Mann*, 477 F.3d at 1149 (quoting *Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)). The party seeking to deny public access must shoulder the burden to establish a sufficiently significant interest that outweighs the presumed access. *Id.*

The party seeking to deny public access also must comply with our local rule. D. Kan. Rule 5.4.2(c) requires a "Proponent" who "seeks to maintain any portion of the document under seal" to file a "motion to seal or redact in the public record." The Proponent must include in that motion a "description of the specific portions" which is "narrowly tailored to the asserted confidentiality interest." D. Kan. Rule 5.4.2(c)(1). The Proponent also must identify the "confidentiality interest to be protected" and the potential "injury that would result in the absence of restricting public access[.]" *Id.* at 5.4.2(c)(2)–(3). Finally, the Proponent must explain "why restricting public access will adequately protect the confidentiality interest in question" and indicate whether "the motion is opposed or unopposed[.]" *Id.* at 5.4.2(c)(4)–(5). The Proponent requesting redactions "must separately email the document to chambers with its proposed redactions highlighted in yellow." *Id.* at 5.4.2(c).

With this legal standard and procedure in mind, the court next analyzes the parties' requests to redact and seal.

## II.        Analysis

Currently pending before the court are six motions seeking to redact or seal summary judgment briefs and exhibits. The court addresses the six motions in order—from oldest to newest—below.

A.      **Defendants' Motion to Redact and Seal Exhibits to Parties' Opening Summary Judgment Briefs (Doc. 300)**

The court starts with defendants CoreLogic, Inc. and CoreLogic Solutions, LLC's Motion to Seal (Doc. 300), which addresses the opening summary judgment briefs and the exhibits to those briefs.  The court notes at the outset that plaintiff doesn't oppose the motion.  Doc. 300 at 1.

Defendants first request permission to file a redacted copy of CoreLogic Exhibit 31 (Doc. 291-1) because the exhibit contains sensitive data that could damage defendants' relationship with a mortgage lending underwriter.  Defendants assert that disclosure could harm their business interests.  And, according to defendants, the information discussed in CoreLogic Exhibit 31 "is of limited relevance to an outsider understanding the substantive issues in this case[.]"  Doc. 300 at 3.  The court concludes that defendants have shown a compelling confidentiality interest and, after reviewing defendants' proposed redactions, grants defendants' request.

Next, defendants ask to seal CoreLogic Exhibit 61 (Doc. 292-1) and CoreLogic Exhibit 64 (Doc. 292-4).  These conventionally filed spreadsheets contain historical transaction data—customer information, costs, expense, and profits.  Doc. 300 at 4.  Defendants assert that this information contains valuable information about its current customers.  *Id.* at 4–5.  The court agrees.  The privacy interests in the information outweigh the presumption of public access.  *See Melnick v. Tamko Bldg. Prods., LLC*, No. 19-CV-2630, 2023 WL 5574188, at *3 (D. Kan. Aug. 29, 2023) (concluding exhibit with historical information should remain sealed because it "may still provide valuable information about [party's] current and ongoing efforts to improve on its products").  And the court agrees with defendants that redacting such a large exhibit would create serious inefficiencies.  The court thus grants the request to seal these exhibits.

Defendants also ask the court to maintain CoreLogic Exhibit 65 (Doc. 292-5) under seal. This is another conventionally filed spreadsheet.  Defendants assert that this spreadsheet contains historical internal accounting information that could harm defendants' market position if made public.  Doc. 300 at 5–6.  The court grants the sealing request for the same reasons that it granted the request for CoreLogic Exhibit 61 (Doc. 292-1) and Exhibit 64 (Doc. 292-4).

Next, defendants ask to keep CoreLogic Exhibit 106 (Doc. 293-16) under seal. CoreLogic Exhibit 106 consists of a supplemental expert report that, according to defendants, "contains a highly detailed technical analysis of CoreLogic's internal databases and systems." Doc. 300 at 6.  Defendants assert this information "is of the utmost importance to CoreLogic's business and is considered highly sensitive and proprietary information[.]"  *Id.*  Defendants also assert that the parts of this expert report that matter for summary judgment purposes are discussed in other, public exhibits.  *Id.*  The court agrees.  CoreLogic Exhibit 106 contains confidential trade secret data and defendants' continuing business interests in this material outweigh the public interest in access.  The court thus grants defendants' request to seal Exhibit 106 (Doc. 293-16).

Last, defendants seek to maintain Uhlig Exhibit 48 (Doc. 286-7) under seal.  Uhlig Exhibit 48 is the expert report of defendants' damages expert.  Defendants assert that this document uses highly confidential financial information—*i.e.*, information such as defendants' revenues and profits—that, if made public, could harm their market position.  Doc. 300 at 7. Defendants assert that the only part of the report that matters for summary judgment is the value of defendants' orders from plaintiff—a total amount that is in the public record.  *Id.*  The court agrees that disclosure of this information to the public may disadvantage defendants' business interests unfairly.  The court thus concludes that defendants have advanced a private interest,

sufficient to overcome the strong presumption favoring public access.  It thus grants defendants'

request to seal Uhlig Exhibit 48 (Doc. 286-7).

In sum, the court grants defendants' Unopposed Motion for Leave to File Under Seal

Exhibits to CoreLogic's Motion for Summary Judgment and Uhlig's Motion for Summary

Judgment (Doc. 300).

### B.      Plaintiff's Motion to Seal and Redact Exhibits to Parties' Opening Summary Judgment Briefs (Doc. 301)

Plaintiff has filed a Motion to Seal and redact dozens of exhibits submitted with the

parties' opening summary judgment briefs.  The court notes that defendants don't oppose this

request.  Doc. 301 at 1.  Plaintiff helpfully has divided its requests into redactions and sealing.

The court's analysis begins with the sealing requests.

### 1.      Sealing

Plaintiff asks the court to seal four categories of documents.  Plaintiff asserts these

documents require sealing because they "cannot be redacted and allow for any meaningful

portions of the document to be publicly filed."  *Id.* at 6.  The court evaluates each category, in

turn, below.

*First*, plaintiff asks the court to seal its user agreements.  *Id.*  Plaintiff argues that should

these user agreements find their way into the public record, "together and in one place, [they]

would provide a recipe for Uhlig's competitors to copy and begin or adjust their operations."  *Id.*

The court previously has granted plaintiff leave to keep this sensitive and propriety information

under seal.  *See* Doc. 23.  The court renews that conclusion here and grants plaintiff's motion.

The court will maintain plaintiff's user agreements under seal.[1]

---

[1]      Those documents are Doc. 284-4 (Uhlig Ex. 3); Doc. 284-5 (Uhlig Ex. 4); Doc. 284-6 (Uhlig Ex. 5); Doc. 284-7 (Uhlig Ex. 6); Doc. 284-8 (Uhlig Ex. 7); Doc. 284-9 (Uhlig Ex. 8); Doc. 284-10 (Uhlig Ex. 9); Doc. 284-11 (Uhlig Ex. 10); Doc. 284-12 (Uhlig Ex. 11); Doc. 284-13 (Uhlig Ex. 12); Doc. 284-

*Second*, plaintiff asks the court to seal the purchase orders defendants placed with plaintiff.  Doc. 301 at 6.  Plaintiff asserts that these documents consist of spreadsheets that include the identities of plaintiff's customers and purchasers, and the prices charged by plaintiff. *Id.*  Plaintiff argues that this is sensitive business information, and the court agrees.  *See Fireworks Spectacular, Inc. v. Premier Pyrotechnics, Inc.*, 147 F. Supp. 2d 1057, 1066 (D. Kan. 2001) (concluding customer list constituted protected trade secret because list "contain[ed] valuable customer information that is not generally known or readily ascertainable by persons in the fireworks industry").  The court thus grants plaintiff's request to seal these documents.[2]

*Third*, plaintiff asks the court to seal exhibits that identify their customers and other customer information.  Plaintiff asserts that these exhibits contain customer information—*i.e.*, identities, legal liabilities, debts—that just doesn't matter to the issues in this lawsuit.  Doc. 301 at 7–8.  Plaintiff explains that the issues here hinge on defendants selling plaintiff's information to others—information that plaintiff gathered from its customers.  *Id.* at 7.  Thus many summary judgment exhibits contain information about plaintiff's customers.  *Id.*  And plaintiff worries that public disclosure of this information could cause it competitive harm.  *Id.* at 8.  The court agrees. This information potentially is sensitive and has little relevance to the summary judgment issues. The court thus grants plaintiff's request to maintain these documents under seal.[3]

---

14 (Uhlig Ex. 13); Doc. 292-6 (CoreLogic Ex. 66); Doc. 292-7 (CoreLogic Ex. 67); Doc. 292-8 (CoreLogic Ex. 68); Doc. 292-9 (CoreLogic Ex. 69); Doc. 292-10 (CoreLogic Ex. 70).

[2]      These documents are Doc. 284-17 (Uhlig Ex. 16); Doc. 285 (Uhlig Ex. 25); Doc. 291-29 (CoreLogic Ex. 59); Doc. 292-1 (CoreLogic Ex. 61); Doc. 292-4 (CoreLogic Ex. 64); Doc. 292-29 (CoreLogic Ex. 89); and Doc. 292-30 (CoreLogic Ex. 90).

[3]      These documents are Doc. 285-2 (Uhlig Ex. 27); Doc. 285-7 (Uhlig Ex. 33); Doc. 285-8 (Uhlig Ex. 34); Doc. 285-10 (Uhlig Ex. 36); Doc. 285-11 (Uhlig Ex. 37); Doc. 285-12 (Uhlig Ex. 38); Doc. 285-13 (Uhlig Ex. 39); Doc. 285-14 (Uhlig Ex. 40); Doc. 286 (Uhlig Ex. 41); Doc. 286-1 (Uhlig Ex. 42); Doc. 286-3 (Uhlig Ex. 44); Doc. 290-19 (CoreLogic Ex. 15); Doc. 290-20 (CoreLogic Ex. 16); Doc. 290-21 (CoreLogic Ex. 17); Doc. 290-22 (CoreLogic Ex. 18); Doc. 290-23 (CoreLogic Ex. 19); Doc. 290-24 (CoreLogic Ex. 20); Doc. 291-2 (CoreLogic Ex. 32); Doc. 291-3 (CoreLogic Ex. 33); Doc. 291-4

*Last*, plaintiff asks the court to seal its customer contracts, customer lists, and internal training documents.  *Id.*  Plaintiff again asserts that this information qualifies as sensitive business data that, if disclosed, could hurt plaintiff's business.  Plaintiff has made a showing sufficient to overcome the presumption of public access and the court thus grants plaintiff's request to seal these documents.[4]

### 2.    Redactions

Plaintiff also asks the court for permission to file redacted versions of certain documents. Plaintiff divides these redaction requests into three categories.  The court again addresses each category in turn.

*First*, plaintiff asks permission to redact the parties' summary judgment briefs (Doc. 284; Doc. 289) and the declaration of Mark Uhlig (Doc. 284-2).  Plaintiff asserts that these documents describe and repeat information that the court has found appropriate for sealing, above.  Doc. 301 at 3.  The court, having reviewed plaintiff's proposed redactions, agrees.  The court thus grants plaintiff's request to file redacted, public versions of these documents.

*Second*, plaintiff seeks to redact excerpts from three depositions of Uhlig employees.  *Id.* In the Aberle deposition (Doc. 290-5), plaintiff asks permission to redact the witness's

---

(CoreLogic Ex. 34); Doc. 291-5 (CoreLogic Ex. 35); Doc. 291-6 (CoreLogic Ex. 36); Doc. 291-12 (CoreLogic Ex. 42); Doc. 291-13 (CoreLogic Ex. 43); Doc. 291-14 (CoreLogic Ex. 44); Doc. 291-15 (CoreLogic Ex. 45); Doc. 291-16 (CoreLogic Ex. 46); Doc. 291-17 (CoreLogic Ex. 47); Doc. 291-19 (CoreLogic Ex. 49); Doc. 291-20 (CoreLogic Ex. 50); Doc. 291-24 (CoreLogic Ex. 54); Doc. 291-26 (CoreLogic Ex. 56); Doc. 292-11 (CoreLogic Ex. 71); Doc. 292-12 (CoreLogic Ex. 72); Doc. 292-13 (CoreLogic Ex. 73); Doc. 292-14 (CoreLogic Ex. 74); Doc. 292-15 (CoreLogic Ex. 75); Doc. 292-16 (CoreLogic Ex. 76); Doc. 292-17 (CoreLogic Ex. 77); Doc. 292-18 (CoreLogic Ex. 78); Doc. 293-22 (CoreLogic Ex. 112).

[4]      These documents are Doc. 291-10 (CoreLogic Ex. 40); Doc. 291-11 (CoreLogic Ex. 41); Doc. 291-21 (CoreLogic Ex. 51); Doc. 291-22 (CoreLogic Ex. 52); Doc. 291-27 (CoreLogic Ex. 57); Doc. 291-28 (CoreLogic Ex. 58); Doc. 292-20 (CoreLogic Ex. 80); Doc. 292-22 (CoreLogic Ex. 82); Doc. 292-23 (CoreLogic Ex. 83); Doc. 292-24 (CoreLogic Ex. 84); Doc. 292-25 (CoreLogic Ex. 85); Doc. 292-26 (CoreLogic Ex. 86); Doc. 292-27 (CoreLogic Ex. 87); Doc. 292-28 (CoreLogic Ex. 88).

discussion of plaintiff's Asset Purchase Agreement for its purchase of CondoCerts—a document the court just decided to seal.  In the Button deposition (Doc. 290-7), the witness identifies Uhlig customers.  And in the Uhlig deposition (Doc. 290-14), the witness also testifies about plaintiff's Asset Purchase Agreement for its purchase of CondoCerts.  The court concludes that plaintiff has identified sensitive business information and proposed proper, narrowly tailored redactions.  The court thus grants plaintiff's request to redact these deposition transcripts.

*Last*, plaintiff seeks to redact some of its discovery responses.  Doc. 301 at 4.  Plaintiff asserts that its discovery responses identify its competitors, its customers, agreements that it requires purchasers to execute, its major purchasers, and investments it has made in its trade secrets.  *Id.* at 5.  The court agrees with plaintiff that this information qualifies as sensitive business data that, if disclosed, could harm plaintiff's business prospects.  And plaintiff has proposed narrow redactions to these discovery responses.  So, the court grants plaintiff's request to file redacted, public versions of Doc. 293-4 (CoreLogic Ex. 94); Doc. 293-5 (CoreLogic Ex. 95); Doc. 293-7 (CoreLogic Ex. 97); Doc. 293-12 (CoreLogic Ex. 102); and Doc. 293-14 (CoreLogic Ex. 104).

In sum, the court grants the sealing and redaction requests in Plaintiff's Unopposed Motion to Seal or Redact Certain Documents (Doc. 301).  But plaintiff's motion also requests 14 days to file the redacted, public versions of these documents.  Plaintiff hasn't provided good cause to delay for so long the public access to unprotected portions of these documents.  The court denies this request and orders plaintiff to file redacted, public versions of these documents within seven days of this Order.

### C.      Plaintiff's Motion to Seal and Redact Summary Judgment Responses and Exhibits (Doc. 319)

Plaintiff's second motion addresses the summary judgment response briefs and exhibits. Doc. 319 at 1.  Defendants don't oppose the motion.  *Id.* at 2.  The court again begins with plaintiff's sealing requests.

#### 1.      Sealing

Plaintiff asks the court to seal two categories of documents.  Plaintiff asserts that it's chosen to request sealing for these documents because the documents "cannot be redacted and allow for any meaningful portions of the document to be publicly filed."  *Id.* at 4.  Plaintiff has divided these documents into two categories.  *First*, plaintiff asks the court to seal its user agreements.  *Id.*  The court, as addressed above, agrees that plaintiff's user agreements are sensitive and proprietary information.  *See above* § II.B.1.  The court thus concludes plaintiff has overcome the presumption of public access and grants its request to seal the documents.[5] *Second*, plaintiff asks to seal exhibits that identify customers and expose customer information. Doc. 319 at 4.  Plaintiff asserts that these customers "are in large part bystanders to this dispute" and their sensitive information—*i.e.*, identities, legal liabilities, debts—should remain under seal. *Id.* at 4–5.  Plaintiff also asserts that disclosure of this information could cause it competitive harm.  *Id.* at 5.  The court already agreed to seal this information—*see above* § II.B.1.—and thus grants plaintiff's request to seal these documents.[6]

---

[5]      These documents are Doc. 314 (CoreLogic Ex. 36); Doc. 314-1 (CoreLogic Ex. 37); Doc. 314-2 (CoreLogic Ex. 38); Doc. 314-3 (CoreLogic Ex. 39); Doc. 314-4 (CoreLogic Ex. 40); Doc. 314-5 (CoreLogic Ex. 41).

[6]      These documents are Doc. 309-31 (Uhlig Ex. 131); Doc. 312-21 (CoreLogic Ex. 15); Doc. 312-24 (CoreLogic Ex. 18); Doc. 312-25 (CoreLogic Ex. 19); Doc. 313-5 (CoreLogic Ex. 26); Doc. 313-6 (CoreLogic Ex. 27).

2.      **Redactions**

Plaintiff seeks to redact three categories of summary judgment response documents.

*First*, plaintiff seeks to redact the parties' summary judgment response briefs:  Doc. 309 and

Doc. 311.  The court has reviewed plaintiff's proposed redactions to the briefs and concludes that

plaintiff has proposed minimal, narrowly tailored redactions, which redact information from

sealed exhibits.  The court thus grants this request.  *Second*, plaintiff seeks to redact the

deposition excerpts of two employees.  Plaintiff seeks to redact one line of the Uhlig deposition

(Doc. 309-9) that identifies a customer, two lines from another excerpt of the Uhlig deposition

(Doc. 309-10) that identifies a customer and employee, and one line from the Button deposition

(Doc. 309-12) that identifies a customer and employee.  The court agrees that this information is

sensitive, finds that plaintiff has proposed limited, proper redactions, and grants this request.

*Last*, plaintiff seeks to redact part of the Uhlig Declaration (Doc. 313-9) that "contains customer

identifying information and a description of internal proprietary processes."  Doc. 319 at 3.

While plaintiff proposes significantly more redactions to this exhibit than it does for others, the

court concludes that plaintiff has redacted only the sensitive business information from the

declaration.  The court thus grants this request.

In sum, the court grants all sealing and redaction requests in Plaintiff's Unopposed

Motion to Seal Certain Documents Filed with ECF 309 and ECF 311 Through ECF 314 (Doc.

319).  But, again, plaintiff requests 14 days to file the redacted documents.  The court again

denies this request and orders plaintiff to file public, redacted copies of these documents within

seven days.

**D.      Defendants' Unopposed Motion to Seal or Redact Summary Judgment Responses and Response Exhibits (Doc. 321)**

Defendants also seeks to redact and seal certain exhibits filed with the parties' summary judgment responses.  *See generally* Doc. 321.  Plaintiff doesn't oppose the motion.  *Id.* at 1.

Defendants first ask to redact Exhibit 9 (Doc. 312-15) to their own summary judgment opposition.  The exhibit is deposition testimony, and defendants propose limited redactions, ones that merely would redact customer names.  The court agrees.  Non-public customer information presents sensitive business concerns and finds defendants' proposed redactions proper.  The court thus grants this request.[7]

Next, defendants ask the court for permission to seal Exhibit 44 (Doc. 314-8), Exhibit 45 (Doc. 314-9), and Exhibit 46 (Doc. 314-10) to their summary judgment response.  Defendants assert that these exhibits are license agreements between defendants and Freddie Mac—an entity important to defendants' business.  Doc. 321 at 3.  Defendants assert disclosing these documents could cause them competitive harm.  The court finds that these exhibits contain confidential business information and grants defendants' request to seal them.

Defendants also seek to seal their own Exhibit 24 (Doc. 313-3).  This exhibit is a subledger that shows how much defendants charge certain customers.  Doc. 321 at 4.  The court agrees.  This exhibit contains sensitive information.  Though the exhibit "contain[s] historical information, this information may still provide valuable information about [defendants'] current

---

[7]      The court notes that defendants filed their redacted Exhibit 9 (Doc. 312-15) on the docket—under seal.  *See* Doc. 321-1.  Our local sealing rule, D. Kan. Rule 5.4.2, imagines that parties seeking to redact will email their proposed redactions to chambers.  Then, if the court grants a party's request to redact, the court usually orders the party to file a public, redacted version on the docket.  While it might come across as hyper-technical, the court orders defendants to file—once again—their redacted documents on the docket following this Order.  The court's reason for this request is, admittedly, a selfish one:  it's easier to track the redacted summary judgment exhibits if they're all filed together, in one place.  The court orders the proposed redactions already on the docket unsealed.

and ongoing efforts to improve on [their] products." *Melnick*, 2023 WL 5574188, at *3. The court thus grants defendants' request to seal this document.

Defendants next seek to seal Exhibit 35 (Doc. 313-14) to their summary judgment response. This is Brian Bergmark's expert response report on damages that, according to defendants, "depends on and incorporates a detailed analysis of CoreLogic's sensitive and non-public financial information." Doc. 321 at 5. Indeed, Mr. Bergmark analyzes defendants' financial information in detail in his response report. The court grants defendants' request to seal this document.

Relatedly, defendants seek to seal two other damages-expert-related exhibits: plaintiff's summary judgment Exhibit 137 (Doc. 309-25) and Exhibit 138 (Doc. 309-26). Defendants assert that these exhibits contain expert report excerpts that "describe[] or depend[] on CoreLogic's highly sensitive and non-public financial information[.]" Doc. 321 at 5. The court, having reviewed both exhibits, agrees that they contain sensitive information. Defendants thus have overcome the presumption of public access and the court grants defendants' request to seal these documents.

Defendants next seek to seal the expert report of plaintiff's database expert, Trent Livingston. Each party attached Mr. Livingston's report—defendants' Exhibit 33 (Doc. 313-12) and plaintiff's Exhibit 135 (Doc. 309-23)—and plaintiff also attached Mr. Livingston's rebuttal report—Exhibit 135 (Doc. 309-24). Defendants argue that Mr. Livingston's reports provide a "detailed analysis of CoreLogic's internal system" and "describe in detail the relationship between various CoreLogic[] internal systems and how data was stored and transmitted between those systems." Doc. 321 at 6. Defendants call this information "extremely confidential" because it "is of the utmost importance to CoreLogic's business as a data aggregation and

analytics company[.]" *Id.* The court concludes that defendants' interest in maintaining the confidentiality of this information outweighs the presumption of public access and grants the request to seal these exhibits.

Defendants also ask to redact the expert report of plaintiff's damages expert—Jeff Anderson—submitted with defendants' response brief as Exhibit 34 (Doc. 313-13). Defendants want to redact this exhibit because "Mr. Anderson's report expressly relies on Mr. Livingston's analysis and conclusions[.]" Doc. 321 at 6. Defendants propose "redacting portions of the report which describe confidential and proprietary information regarding CoreLogic's internal databases." *Id.* The court, as just mentioned, agrees that Mr. Livingston's testimony provides sensitive business information about defendants' internal databases. The court has reviewed the proposed redactions and concludes that defendants properly have proposed redacting the portions of Mr. Anderson's report mentioning defendants' internal databases. The court thus grants defendants' request to redact Mr. Anderson's report.

Defendants next seek to seal Exhibit 42 (Doc. 314-6) to their summary judgment response. Defendants describe this exhibit as "an internal CoreLogic email chain relating to CoreLogic's database structure and workflow[.]" Doc. 321 at 5. According to defendants, the email "describes information relating to the functionality of those databases[.]" *Id.* at 7. The court agrees with defendants that they have a strong interest in keeping information about the innerworkings of their databases out of the public sphere and grants their request to seal this exhibit.

In a similar vein, defendants ask to redact plaintiff's summary judgment opposition Exhibit 134 (Doc. 309-22). This is defendants' supplemental response to plaintiff's Interrogatory No. 4. Doc. 321 at 6. Defendants assert that this information also "pertains

to . . . some of the same proprietary technical information regarding the structure of and relationship between CoreLogic's internal databases[.]" *Id.* The court is persuaded by defendants' arguments. This information is critical to their business and extremely sensitive. The court thus concludes that defendants' interest outweighs the assumption of public access. And defendants have proposed appropriately narrow redactions. The court grants defendants' request to redact this exhibit.

Defendants next ask to seal two exhibits to plaintiff's summary judgment opposition: Exhibit 140 (Doc. 309-28) and Exhibit 141 (Doc. 309-29). Defendants assert that these exhibits are their "internal employee workflow instructions regarding the process to place orders with CondoSafe and WelcomeLink." Doc. 321 at 7. Defendants note that plaintiff discusses the relevant portions of the documents in its brief and defendants don't request redacting those parts of the brief. *Id.* So, the important part of these exhibits—for summary judgment purposes anyway—remains available to the public. And the court credits defendants' interest in protecting their internal processes and thus grants the motion to seal these exhibits. *See Melnick*, 2023 WL 5574188, at *2 (granting motion to seal document that contained details about internal processes).

The last sealing request in this batch asks to seal Exhibit 144 (Doc. 309-32) to plaintiff's summary judgment opposition. This exhibit is a chart of defendants' privately held, first-level subsidiaries. Doc. 321 at 7. Defendants assert that they created this document "exclusively for this litigation" and it "is not publicly available anywhere." *Id.* at 8. Defendants also point out that plaintiff's summary judgment opposition cites this exhibit "exclusively for the proposition that CoreLogic has engaged in businesses unrelated to collecting and aggregating real estate data[.]" *Id.* (citation and internal quotation marks omitted). The court agrees. The public has

little interest in this information and that defendants have a compelling interest in keeping this information private.  The court thus grants this sealing request.

In sum, the court grants defendants' Unopposed Motion for Leave to File Under Seal Exhibits to CoreLogic's Opposition to Uhlig's Motion for Summary Judgment and Uhlig's Opposition to CoreLogic's Motion for Summary Judgment (Doc. 321).  Defendants should file their redacted versions of CoreLogic Exhibit 9 (Doc. 312-15); CoreLogic Exhibit 34 (Doc. 313-13), and Uhlig Exhibit 134 (Doc. 309-22) forthwith.  And the court will maintain the rest of defendants' requested documents[8] under seal.

### E.    Plaintiff's Motion to Seal and Redact Summary Judgment Reply Exhibits (Doc. 332)

Next, plaintiff has filed a Motion to Seal (Doc. 332) certain exhibits filed with the parties' summary judgment replies (Doc. 325; Doc. 327).  The motion is unopposed.  Doc. 332 at 1.  Though the motion is titled as a sealing request, plaintiff has requested both redactions and sealing.  *See generally id.*  The court begins with plaintiff's sealing requests.

#### 1.    Sealing

Plaintiff seeks to seal its user agreements, found in Doc. 325-10 (Uhlig Ex. 61).  This exhibit differs from other user agreements the court has sealed because it depicts plaintiff's user agreements on a website.  Doc. 332 at 4.  The public can't access the agreements on this website without registration.  *Id.*  Plaintiff has competitive concerns about disclosing these agreements to the public because disclosure could cause competitive harm "by providing Uhlig's competitors

---

[8]    Those documents are CoreLogic Exhibit 44 (Doc. 314-8); CoreLogic Exhibit 45 (Doc. 314-9); CoreLogic Exhibit 46 (Doc. 314-10); CoreLogic Exhibit 24 (Doc. 313-3); CoreLogic Exhibit 33 (Doc. 313-12); CoreLogic Exhibit 34 (Doc. 313-13); CoreLogic Exhibit 35 (Doc. 313-14); CoreLogic Exhibit 42 (Doc. 314-6); Uhlig Exhibit 135 (Doc. 309-23); Uhlig Exhibit 136 (Doc. 309-24); Uhlig Exhibit 137 (Doc. 309-25); Uhlig Exhibit 138 (Doc. 309-26); Uhlig Exhibit 140 (Doc. 309-28); Uhlig Exhibit 141 (Doc. 309-29); and Uhlig Exhibit 144 (Doc. 309-32).

with a one-stop shop for duplicating Uhlig's ordering processes and legal terms by which Uhlig does business." *Id.* The court concludes that this justification is a compelling one, and plaintiff has overcome the presumption of public access. The court thus grants plaintiff's request to seal this exhibit.

### 2. Redactions

Plaintiff asks permission to redact two categories of documents. *First*, plaintiff seeks to redact excerpts from Doc. 325-6 (Ross Dep.), a deposition of one of plaintiff's employees where the employee mentions a single customer's name. Plaintiff asserts that the identity of its customers is a trade secret. Doc. 332 at 3. The court agrees that this is sensitive business information and grants plaintiff's request to redact.

*Second*, plaintiff seeks to redact three exhibits that identify plaintiff's customers: Doc. 327-7 (CoreLogic Ex. 148); Doc. 327-8 (CoreLogic Ex. 149); and Doc. 327-9 (CoreLogic Ex. 150). The court already has concluded that public disclosure of plaintiff's customers and other competitive information could harm plaintiff's business. And plaintiff has proposed narrowly tailored redactions. The court thus grants plaintiff's request to redact these exhibits.

In sum, the court grants plaintiff's request to redact and seal certain exhibits to the parties' summary judgment replies. But the court denies plaintiff's request to file the redacted versions within 14 days of this Order and, instead, orders plaintiff to file the documents in seven days.

### F. Defendants' Motion to Seal and Redact Summary Judgment Reply Exhibits (Doc. 333)

Defendants' final Motion to Seal (Doc. 333) seeks to redact one exhibit and seal two exhibits attached to their summary judgment reply (Doc. 327). Plaintiff doesn't oppose this motion. Doc. 333 at 1.

Defendants ask to redact their Exhibit 153 (Doc. 327-12)—the expert report of Mr. Bergmark, defendants' damages expert. The court sealed Mr. Bergmark's responsive expert report above, but, here, defendants seek to redact Mr. Bergmark's original expert report. Defendants assert that this report "analyzes CoreLogic's confidential financial information in order to opine on Uhlig's claim for disgorgement of CoreLogic's profits (if any)[.]" Doc. 333 at 2. So, the report contains confidential financial information. *Id.* at 3. And the court has reviewed defendants' proposed redactions and finds that defendants have limited their redactions to this confidential financial information. The court thus grants defendants' request to redact their Exhibit 153 (Doc. 372-12).

Defendants also ask the court to seal two of their summary judgment reply exhibits: Exhibit 154 (Doc. 327-13) and Exhibit 155 (Doc. 327-14). Both are expert reports from defendants' technical database expert, Richard Sonnier, that "contain highly detail[ed] technical analysis of CoreLogic's internal databases and systems, and data within those systems." Doc. 333 at 3. Defendants, data analytics companies, call this information "of the utmost importance" and "highly sensitive." *Id.* The court agrees and grants defendants' request to seal these exhibits.

In sum, the court grants defendants' final Motion to Seal (Doc. 333). That's the final motion in this omnibus Order. The court summarizes its decisions, next.

## III.     Conclusion

Given the reach of this Order's rulings, this portion of the Order recapitulates all of its conclusions. While reasonably tedious to read, this summary will serve, the court hopes, the interests specified in Fed. R. Civ. P. 1.

The court grants defendants' first motion (Doc. 300) that addresses sealing and redacting the parties' opening summary judgment briefs and exhibits. Defendants must file their redacted

documents in the public record forthwith.  The court grants in part and denies in part plaintiff's first motion (Doc. 301) that addresses the parties' opening summary judgment briefs and exhibits.  The court grants the motion's sealing and redaction requests but denies the part of the motion that asks for 14 days to file the redact documents.  Plaintiff has seven days to file public, redacted versions of these documents.

The court grants defendants' second motion (Doc. 321) that addresses sealing and redacting the parties' summary judgment responses.  Defendants must file their redacted documents in the public record forthwith.  The court grants in part and denies in part plaintiff's second motion (Doc. 319) that addresses the parties' summary judgment responses.  Again, the court grants plaintiff's sealing and redaction requests, but denies the part of the motion that asks for 14 days to file public, redacted documents in favor of seven days.

The court grants defendants' third motion (Doc. 333) that addresses sealing and redacting the parties' summary judgment replies.  Defendants must file their redacted documents in the public record forthwith.  The court grants in part and denies in part plaintiff's third motion (Doc. 332) that addresses the parties' summary judgment replies.  The court again grants plaintiff's sealing and redaction requests, but orders plaintiff to file the redacted, public documents in seven days, instead of the requested 14 days.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendants' Unopposed Motion for Leave to File Under Seal Exhibits to CoreLogic's Motion for Summary Judgment and Uhlig's Motion for Summary Judgment (Doc. 300) is granted.

Defendants may redact Doc. 291-1 (CoreLogic Ex. 31) and are directed to file the redacted document in the public record forthwith using the Redacted Document event.  The

provisionally sealed document will remain sealed, and the clerk is directed to remove the provisional designation from the entry.

The court also grants defendants' requests to seal Doc. 286-7 (Uhlig Ex. 48); Doc. 292-1 (CoreLogic Ex. 61); Doc. 292-4 (CoreLogic Ex. 64); Doc. 292-5 (CoreLogic Ex. 65); and Doc. 293-16 (CoreLogic Ex. 106). These documents shall remain under seal and the clerk is directed to remove the provisional designation from these documents.

**IT IS FURTHER ORDERED THAT** Plaintiff's Unopposed Motion to Seal or Redact Certain Documents filed with ECF 284–286 and ECF 289–293 (Doc. 301) is granted in part and denied in part.

Plaintiff may redact Doc. 284 (Uhlig Summ. J. Br.); Doc. 284-2 (Uhlig Decl.); Doc. 289 (CoreLogic Summ. J. Br.); Doc. 290-5 (Aberle Dep.); Doc. 290-7 (Button Dep.); Doc. 290-14 (Uhlig Dep.); Doc. 293-4 (CoreLogic Ex. 94); Doc. 293-5 (CoreLogic Ex. 95); Doc. 293-7 (CoreLogic Ex. 97); Doc. 293-12 (CoreLogic Ex. 102); and Doc. 293-14 (CoreLogic Ex. 104). The court directs the parties to coordinate and file the redacted versions of these documents in the public record within seven days using the Redacted Document event. The provisionally sealed documents will remain sealed, and the clerk is directed to remove the provisional designation from the entry.

The court also grants plaintiff's request to seal Doc. 284-4 (Uhlig Ex. 3); Doc. 284-5 (Uhlig Ex. 4); Doc. 284-6 (Uhlig Ex. 5); Doc. 284-7 (Uhlig Ex. 6); Doc. 284-8 (Uhlig Ex. 7); Doc. 284-9 (Uhlig Ex. 8); Doc. 284-10 (Uhlig Ex. 9); Doc. 284-11 (Uhlig Ex. 10); Doc. 284-12 (Uhlig Ex. 11); Doc. 284-13 (Uhlig Ex. 12); Doc. 284-14 (Uhlig Ex. 13); Doc. 284-17 (Uhlig Ex. 16); Doc. 285 (Uhlig Ex. 25); Doc. 285-2 (Uhlig Ex. 27); Doc. 285-7 (Uhlig Ex. 33); Doc. 285-8 (Uhlig Ex. 34); Doc. 285-10 (Uhlig Ex. 36); Doc. 285-11 (Uhlig Ex. 37); Doc. 285-12 (Uhlig Ex.

38); Doc. 285-13 (Uhlig Ex. 39); Doc. 285-14 (Uhlig Ex. 40); Doc. 286 (Uhlig Ex. 41); Doc.

286-1 (Uhlig Ex. 42); Doc. 286-3 (Uhlig Ex. 44); Doc. 290-19 (CoreLogic Ex. 15); Doc. 290-20

(CoreLogic Ex. 16); Doc. 290-21 (CoreLogic Ex. 17); Doc. 290-22 (CoreLogic Ex. 18); Doc.

290-23 (CoreLogic Ex. 19); Doc. 290-24 (CoreLogic Ex. 20); Doc. 291-2 (CoreLogic Ex. 32);

Doc. 291-3 (CoreLogic Ex. 33); Doc. 291-4 (CoreLogic Ex. 34); Doc. 291-5 (CoreLogic Ex. 35);

Doc. 291-6 (CoreLogic Ex. 36); Doc. 291-10 (CoreLogic Ex. 40); Doc. 291-11 (CoreLogic Ex.

41); Doc. 291-12 (CoreLogic Ex. 42); Doc. 291-13 (CoreLogic Ex. 43); Doc. 291-14 (CoreLogic

Ex. 44); Doc. 291-15 (CoreLogic Ex. 45); Doc. 291-16 (CoreLogic Ex. 46); Doc. 291-17

(CoreLogic Ex. 47); Doc. 291-19 (CoreLogic Ex. 49); Doc. 291-20 (CoreLogic Ex. 50); Doc.

291-21 (CoreLogic Ex. 51); Doc. 291-22 (CoreLogic Ex. 52); Doc. 291-24 (CoreLogic Ex. 54);

Doc. 291-26 (CoreLogic Ex. 56); Doc. 291-27 (CoreLogic Ex. 57); Doc. 291-28 (CoreLogic Ex.

58); Doc. 291-29 (CoreLogic Ex. 59); Doc. 292-1 (CoreLogic Ex. 61); Doc. 292-4 (CoreLogic

Ex. 64); Doc. 292-6 (CoreLogic Ex. 66); Doc. 292-7 (CoreLogic Ex. 67); Doc. 292-8 (CoreLogic

Ex. 68); Doc. 292-9 (CoreLogic Ex. 69); Doc. 292-10 (CoreLogic Ex. 70); Doc. 292-11

(CoreLogic Ex. 71); Doc. 292-12 (CoreLogic Ex. 72); Doc. 292-13 (CoreLogic Ex. 73); Doc.

292-14 (CoreLogic Ex. 74); Doc. 292-15 (CoreLogic Ex. 75); Doc. 292-16 (CoreLogic Ex. 76);

Doc. 292-17 (CoreLogic Ex. 77); Doc. 292-18 (CoreLogic Ex. 78); Doc. 292-20 (CoreLogic Ex.

80); Doc. 292-22 (CoreLogic Ex. 82); Doc. 292-23 (CoreLogic Ex. 83); Doc. 292-24 (CoreLogic

Ex. 84); Doc. 292-25 (CoreLogic Ex. 85); Doc. 292-26 (CoreLogic Ex. 86); Doc. 292-27

(CoreLogic Ex. 87); Doc. 292-28 (CoreLogic Ex. 88); Doc. 292-29 (CoreLogic Ex. 89); Doc.

292-30 (CoreLogic Ex. 90); and Doc. 293-22 (CoreLogic Ex. 112).  These documents shall

remain under seal and the clerk is directed to remove the provisional designation from these

documents.

**IT IS FURTHER ORDERED THAT** Plaintiff's Unopposed Motion to Seal Certain Documents Filed with ECF 309 and ECF 311 Through ECF 314 (Doc. 319) is granted in part and denied in part.

Plaintiff may redact Doc. 309 (Uhlig Summ. J. Resp. Br.); Doc. 309-9 (Uhlig Dep.); Doc. 309-10 (Uhlig Dep.); Doc. 309-12 (Button Dep.); Doc. 311 (CoreLogic Summ. J. Resp. Br.); and Doc. 313-9 (Uhlig Decl.). The court directs the parties to coordinate and file the redacted versions of these documents in the public record within seven days using the Redacted Document event. The provisionally sealed documents will remain sealed, and the clerk is directed to remove the provisional designation from the entry.

The court also grants plaintiff's request to seal Doc. 309-31 (Uhlig Ex. 131); Doc. 312-21 (CoreLogic Ex. 15); Doc. 312-24 (CoreLogic Ex. 18); Doc. 312-25 (CoreLogic Ex. 19); Doc. 313-5 (CoreLogic Ex. 26); Doc. 313-6 (CoreLogic Ex. 27); Doc. 314 (CoreLogic Ex. 36); Doc. 314-1 (CoreLogic Ex. 37); Doc. 314-2 (CoreLogic Ex. 38); Doc. 314-3 (CoreLogic Ex. 39); Doc. 314-4 (CoreLogic Ex. 40); and Doc. 314-5 (CoreLogic Ex. 41). These documents shall remain under seal and the clerk is directed to remove the provisional designation from these documents.

**IT IS FURTHER ORDERED THAT** defendants' Unopposed Motion for Leave to File Under Seal Exhibits to CoreLogic's Opposition to Uhlig's Motion for Summary Judgment and Uhlig's Opposition to CoreLogic's Motion for Summary Judgment (Doc. 321) is granted.

Defendants may redact Doc. 312-15 (CoreLogic Ex. 9); Doc. 313-13 (CoreLogic Ex. 34), and Doc. 309-22 (Uhlig Ex. 134) and are directed to file the redacted document in the public record forthwith using the Redacted Document event. The provisionally sealed document will remain sealed, and the clerk is directed to remove the provisional designation from the entry.

The court also grants defendants' request to seal Doc. 309-23 (Uhlig Ex. 135); Uhlig Doc. 309-24 (Ex. 136); Doc. 309-25 (Uhlig Ex. 137); Doc. 309-26 (Uhlig Ex. 138); Doc. 309-28 (Uhlig Ex. 140); Doc. 309-29 (Uhlig Ex. 141); Doc. 309-32 (Uhlig Ex. 144); Doc. 314-8 (CoreLogic Ex. 44); Doc. 314-9 (CoreLogic Ex. 45); Doc. 314-10 (CoreLogic Ex. 46); Doc. 313-3 (CoreLogic Ex. 24); Doc. 313-12 (CoreLogic Ex. 33); Doc. 313-13 (CoreLogic Ex. 34); Doc. 313-14 (CoreLogic Ex. 35); and Doc. 314-6 (CoreLogic Ex. 42).  These documents shall remain under seal and the clerk is directed to remove the provisional designation from these documents.

It is further ordered that defendants' proposed redactions need not remain under seal. The court thus orders the clerk to unseal Doc. 321-1; Doc. 321-2; and Doc. 321-3.

**IT IS FURTHER ORDERED THAT** Plaintiff's Unopposed Motion to Seal Certain Documents Filed with ECF 325 and ECF 327 (Doc. 332) is granted in part and denied in part.

Plaintiff may redact Doc. 325-6 (Ross Dep.); Doc. 327-7 (CoreLogic Ex. 148); Doc. 327-8 (CoreLogic Ex. 149); and Doc. 327-9 (CoreLogic Ex. 150).  The court directs the parties to coordinate and file the redacted versions of these documents in the public record within seven days using the Redacted Document event.  The provisionally sealed documents will remain sealed, and the clerk is directed to remove the provisional designation from the entry.

The court also grants plaintiff's request to seal Doc. 325-10 (Uhlig Ex. 61).  This document shall remain under seal and the clerk is directed to remove the provisional designation from this document.

**IT IS FURTHER ORDERED THAT** defendants' Unopposed Motion for Leave to File Under Seal Exhibits to CoreLogic's Reply in Support of CoreLogic's Motion for Summary Judgment (Doc. 333) is granted.

Defendants may redact Doc. 327-12 (CoreLogic Ex. 153) and are directed to file the redacted document in the public record forthwith using the Redacted Document event. The provisionally sealed document will remain sealed, and the clerk is directed to remove the provisional designation from the entry.

The court also grants defendants' request to seal Doc. 327-13 (CoreLogic Ex. 154) and Doc. 327-14 (CoreLogic Ex. 155). This document shall remain under seal and the clerk is directed to remove the provisional designation from this document.

It is further ordered that defendants' proposed redactions need not remain under seal. The court thus orders the clerk to unseal Doc. 333-1.

**IT IS FURTHER ORDERED THAT** the clerk is directed to unseal all provisionally sealed documents associated with the parties' summary judgment motions that are not specifically subject to redaction or sealing under this Order because no party has moved to redact or seal them—with the exception of Doc. 325-2, which shall remain permanently under seal, as ordered by the court in a previous Memorandum and Order (Doc. 343).

**IT IS SO ORDERED.**

**Dated this 19th day of April, 2024, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**
